**Mohammed AHMED, Petitioner,**

v.

**DISTRICT OF COLUMBIA HACKERS
LICENSE APPEAL BOARD,
Respondent.**

**No. 84–639.**

District of Columbia Court of Appeals.

Argued May 23, 1985.

Decided Dec. 11, 1985.

Lorence L. Kessler, Washington, D.C., for petitioner.

Michele Giuliani, Asst. Corp. Counsel, with whom Inez Smith Reid, Corp. Counsel, John H. Suda, Principal Deputy Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on brief, for respondent.

Before PRYOR, Chief Judge, and TERRY and ROGERS, Associate Judges.

TERRY, Associate Judge:

The Hackers License Appeal Board found that petitioner, a taxicab driver, violated 15 DCMR § 350.7 (1983) when he refused to transport a passenger to her destination and fined him $200. We hold that the Board erred and reverse its decision.

**I**

One evening in November 1983, Mohammed Ahmed was operating his cab in the vicinity of the Washington Hilton Hotel. After he had parked his cab across the street from the hotel, where there was no cab stand, Ahmed noticed a bus from Dulles Airport unloading passengers near the hotel entrance. He crossed the street and began to ask the people getting off the bus if they needed a cab. He immediately found two persons who said they wanted a ride downtown. After escorting both of them to his cab, he went back to the bus stop to try to find others who were going in the same direction.

Ahmed then asked Jane O'Grady, who was just getting off the bus, if she needed

a taxi. She replied that she did, and that her destination was Tunlaw Road and Calvert Street, N.W. Ahmed immediately lost interest in O'Grady as a potential passenger, and after she had retrieved her luggage from the bus, he told her that he could not take her because he was not traveling in her direction. Understandably upset, O'Grady took down Ahmed's taxicab number and later notified the Washington Metropolitan Area Transit Commission of her experience.

In due course the Hackers License Appeal Board sent a notice to Ahmed directing him to appear at a hearing and show cause why his license should not be suspended or revoked or a fine imposed on the ground that he had allegedly violated 15 DCMR § 350.7 (1983), which prohibits a driver from "refus[ing] to transport a passenger while holding his taxicab forth for hire." At the hearing, at which both Ahmed and O'Grady testified, the Board found Ahmed "guilty of the charge presented against [him]." It ordered his hacker's license suspended for sixty days and imposed a $200 fine. A written order containing findings of fact and conclusions of law was entered some time later. Ahmed moved for reconsideration, which the Board denied.

After Ahmed filed a petition for review, this court, on the Board's motion, remanded the record to the Board for additional findings of fact and conclusions of law. The remand order was apparently concerned with "shared riding" regulations, 15 DCMR §§ 310.2 and 310.3 (1983), which require a cab driver to go only in the direction of the first passenger's destination if other passengers are later accepted for carriage. On remand, the Board held that these regulations did not apply because Ahmed had actively solicited additional passengers in violation of 15 DCMR § 345.5 (1983). The Board did, however, rescind the sixty-day suspension of Ahmed's li-

cense, leaving in effect only the $200 fine. The case then proceeded to briefing and argument in this court.

## II

■ Administrative decisions in contested cases must meet three conditions: "(1) the decision must state findings of fact on each material, contested factual issue; (2) those findings must be based on substantial evidence; and (3) the conclusions of law must follow rationally from the findings." *Perkins v. District of Columbia Department of Employment Services*, 482 A.2d 401, 402 (D.C.1984) (citations omitted); *see* D.C.Code § 1–1509(e) (1981). The essential findings made by the Board in this case were that Ahmed left his cab—already occupied by two passengers—to ask Miss O'Grady if she needed his services, and that when she said she wanted a cab to take her to Tunlaw Road and Calvert Street, Ahmed refused to transport her, explaining that he was going in the opposite direction.[1]

On the basis of these findings, the Board held that Ahmed had violated 15 DCMR § 350.7 (1983), which provides:

No driver of a taxicab shall refuse to transport a passenger *while holding his taxicab forth for hire.* Any taxicab occupying a taxicab stand shall for the purposes of these regulations be considered to be held forth for hire. Any taxicab being operated on the streets: (a) when *not occupied by a paying passenger;* or (b) when not displaying an "On Call", or "Off Duty", or "Out of Service" sign as authorized by [other regulations] shall for the purpose of these regulations be considered to be held forth for hire. [Emphasis added.]

Unfortunately, the Board's decision fails to state how the facts, as found by the Board, establish a violation of section 350.7. The

---

1. Ahmed testified at the hearing that one of his passengers wanted to go to the Hyatt Regency Hotel and the other to 600 C Street, S.W. We take judicial notice that from the Washington Hilton Hotel, the intersection of Tunlaw Road and Calvert Street, N.W., is in the opposite direction from either of these destinations.

Board did not specify in either its original or its revised findings how Ahmed's cab was being "held forth for hire" at the time he refused to take Miss O'Grady as a passenger. The Board did say in its "additional findings of fact," entered after the remand, that "[t]he record is not clear as to whether petitioner's taxicab was parked on the taxicab stand. . . ." But this statement is wrong; the record is quite unambiguous in showing that both the Board and Ahmed knew that the place where the cab was parked was not a taxicab stand. It thus appears that the Board could only have found Ahmed's cab to have been "for hire" because it was "being operated on the streets" but was not within either of the exceptions set forth in section 350.7.

▪ However, as Ahmed correctly argues, his cab could not have been "for hire" within the meaning of section 350.7 when he spoke with Miss O'Grady because it was already occupied by two paying passengers. As section 350.7 clearly states, a taxicab "not occupied by a paying passenger . . . shall . . . be considered to be held forth for hire." Under the plain language of the regulation, therefore, Ahmed cannot be charged with violating section 350.7 because his cab was not for hire when he first approached Miss O'Grady.

The Board responds in its brief that it "interprets the phrase 'while holding his taxicab forth for hire' to include active solicitation of passengers by cab drivers—conduct admitted by Mr. Ahmed in this case." This interpretation, according to the Board, is reasonable and not clearly erroneous, and should therefore be upheld by this court.

▪ An agency's interpretation of one of its own regulations will normally be sustained unless it is clearly erroneous or inconsistent with the regulation itself. *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945); *Dankman v. District of Columbia Board of Elections and Ethics*, 443 A.2d 507, 514 (D.C.1981) (en banc); *Dupont Circle Citizens Ass'n v. District of Columbia Zoning Commission*, 431 A.2d 560, 565 (D.C.1981). In this instance, however, the Board's proffered interpretation is unacceptable because it adds a substantial qualification to section 350.7, namely, that if a cab driver who already has paying passengers in his cab solicits additional passengers, his cab is for hire. No such qualifier appears in section 350.7; on the contrary, the plain language of the regulation makes clear that a cab occupied by one or more paying passengers is *not* for hire. In *Dankman, supra,* this court rejected an agency's interpretation of a clearly phrased regulation, holding that it "served to qualify the rule into oblivion" and was plainly erroneous. 443 A.2d at 514. *Dankman* requires us to reject the Board's construction of section 350.7. *See also Dell v. Department of Employment Services,* 499 A.2d 102, 106 (D.C.1985).

▪ We are also troubled by another aspect of the Board's ruling. In its "additional findings of fact" the Board stated that Ahmed had violated another regulation, 15 DCMR § 345.5, which prohibits taxicab drivers from soliciting passengers in public places,[2] and perhaps also 15 DCMR § 360.1, which requires a driver to stay within five feet of his cab when it is at a taxicab stand.[3] In this court the Board argues that Ahmed should not be "reward[ed] . . . for improperly soliciting Ms. O'Grady in violation of [section 345.5] by exempting him from the coverage of [section] 350.7. . . ." The evidence does indeed

---

**2.** Section 345.5 provides:

    No person shall solicit patronage for taxicabs on the public streets or public space, or within railroad, airline, or bus stations or grounds thereof, or on sidewalks adjacent thereto.

**3.** Section 360.1 provides in part:

    No taxicab shall be placed upon or occupy any taxicab stand except for the purpose of being held forth for hire. . . . The driver of every taxicab occupying a stand shall stay within five feet of his taxicab at all times.

The record makes clear, however, that Ahmed's cab was not at a taxicab stand.

■■■■■■■■■■■■■■■■■

suggest that Ahmed may have violated section 345.5, and perhaps other regulations as well.[4] But he was not charged with violating section 345.5, and therefore neither the Board nor this court may consider any such violation in deciding whether he violated section 350.7. To hold otherwise would be contrary to the "reasonable notice" provision of the District of Columbia Administrative Procedure Act (DCAPA), D.C.Code § 1–1509(a) (1981), and would also raise serious due process issues.[5] The Board's argument appears to be at odds with its own Additional Finding No. 7:

> That because the Board had not charged petitioner with additional violations, the Board gave no consideration, on the record, [to] factors other than the violation of 15 DCMR 350.7 for imposing the penalty that it did.

4. *See, e.g.,* 15 DCMR § 310.3(b) (1983), which prohibits a cab driver from delaying his departure "for more than two minutes [after the first passenger has entered the cab] for the purpose of securing additional passengers."

5. Both the DCAPA and the Due Process Clause of the Fifth Amendment require an agency to give "reasonable notice ... concerning the nature of the hearing and the issue involved...."

To avoid these issues of notice and due process, we take the Board at its word in Finding No. 7 and reject its more recent argument to the contrary.

We hold that, as a matter of law, petitioner Ahmed's conduct did not amount to a violation of 15 DCMR § 350.7 (1983). It may have been contrary to one or more other regulations, but he was not charged with any other violation, and hence he cannot be punished for any other violation. The order levying a $200 fine against him must be

*Reversed.*

*Russell v. District of Columbia Board of Zoning Adjustment,* 402 A.2d 1231, 1234 (D.C.1979). This court has also made clear that "an agency may not change theories in mid-stream without affording reasonable notice of the change...." *Arthur v. District of Columbia Nurses' Examining Board,* 459 A.2d 141, 145 (D.C.1983) (citations omitted).