Thomas **SPACKMAN**, Petitioner,

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES**, Respondent,

and

The Washington Opera, Intervenor.

No. 90–486.

District of Columbia Court of Appeals.

Argued Feb. 27, 1991.

Decided May 8, 1991.

Joshua J. Kaufman, for petitioner.

Michael A. Milwee, for respondent.

Joseph D. Murphy, with whom Robert H. Craft, Jr., and Margaret K. Pfeiffer were on the brief, for intervenor.

Before BELSON and TERRY, Associate Judges, and KERN, Senior Judge.

KERN, Senior Judge:

Petitioner Spackman appeals from a decision of respondent, District of Columbia Department of Employment Services (DOES), concluding that petitioner was not an employee of intervenor, the Washington Opera. Petitioner's petition for review in this court asserts: "The precise issue is whether one hired to perform for the Washington Opera is an employee and the relationship constitutes 'employment' as that term is defined by the District of Columbia Unemployment Compensation Act[1] in contrast to the establishment of an independent contractor relationship." We hold that the conclusion of DOES that petitioner was not an employee is supported by

1. D.C.Code §§ 46–101 to –128 (1990 Repl.).

substantial evidence and in accordance with the applicable law.

Petitioner performed for some seven weeks the role of Pasha Selim in Mozart's opera, "The Abduction from the Seraglio." The intervenor, the Washington Opera, produced and presented this opera at the Kennedy Center for the Performing Arts. Petitioner contends that intervenor should have deemed him its employee and withheld from the weekly payments of $500 for his performance amounts appropriate to an employer-employee relationship.[2] Intervenor argues that petitioner was not its employee but rather—like all the other performers in this particular opera it presented—was an independent contractor. The claims deputy of respondent concluded petitioner was not an employee of the intervenor, and the DOES appeals examiner, after holding a hearing at which testimony was presented and exhibits received in evidence, reached the same conclusion. DOES adopted the appeals examiner's decision.

Our scope of review in this appeal is not again to weigh the evidence and determine the facts, nor is it to draw our own conclusions from these findings. Rather, our role is quite circumscribed by statute and precedent: only to determine whether the respondent agency's findings are supported by substantial evidence and whether its conclusions of law follow rationally from its findings. *E.g., Ahmed v. District of Columbia Hackers License Appeal Board,* 501 A.2d 415, 416 (D.C.1985); *Perkins v. District of Columbia Department of Employment Services,* 482 A.2d 401, 402 (D.C. 1984).

The appeals examiner, in his decision adopted by DOES, noted that the applicable statute, D.C.Code § 46–101(2)(A)(i)(II) (1990 Repl.), defines "employment" as service, including service in interstate commerce, by "[a]ny individual who, under the usual common-law rules applicable in determining the employer-employee relationship, has the status of an employee"; and that courts in this jurisdiction in determining whether an employment relationship exists have considered four factors: (1) the selection and engagement of the individual hired, (2) the payment of wages, (3) the power of the one who hires over the other whom he has hired, and (4) whether the service performed by the person hired is a part of the regular business of the one who hired. In so ruling, respondent applied the factors we have specifically recognized are determinative of whether an employment relationship existed under the common law of the District of Columbia. *E.g., Giles v. Shell Oil Corp.,* 487 A.2d 610, 611 (D.C. 1985). Accordingly, respondent applied the applicable law correctly.[3]

Our review of the record reveals substantial evidence to support respondent's findings upon which it based its conclusion that petitioner was not an employee of intervenor. The findings of the appeals examiner with respect to the engagement of petitioner by intervenor indicated that petitioner was not an employee. The examiner found that Washington Opera hired petitioner pursuant to a contract, for a limited period of time, for a specific operatic role, and did not treat him as its employee, that the contract Washington Opera

**2.** Petitioner acknowledges that his present claim was triggered by the fact that when he submitted a claim for unemployment compensation in his home state of New York, sometime after his Washington performance, he was advised he lacked the necessary prior wage credits to qualify because respondent had *not* reported what he had been paid as wages and *not* made contributions to the District's unemployment fund.

**3.** Petitioner urges this court to view *Community For Creative Non-Violence v. Reid,* 490 U.S. 730, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989) ("*CCNV*"), a case which arose in the District of Columbia, as controlling on the issue whether

petitioner was an employee of the Washington Opera. In *CCNV,* the Supreme Court, in resolving a conflict among the federal circuits as to the proper interpretation of a federal copyright act, formulated a federal rule of agency by relying on general common-law principles. In so doing, the Supreme Court was endeavoring to further the legislature's intention to preempt state law and to create national uniformity in copyright law. *Id.* at 740–41, 109 S.Ct. at 2172–73. In the instant case, where we are dealing with a "local" unemployment compensation act, the legislature has mandated that the common law of the District of Columbia controls. Therefore, *CCNV* is inapposite.

and petitioner executed under which petitioner performed for seven and one-half weeks did not state he was an employee of Washington Opera, and that petitioner was aware early-on in the performance of his role that withholdings normally associated with an employment were not being made from his weekly $500 pay.[4]

The examiner's findings with respect to the payment petitioner received indicated that petitioner was not an employee. Specifically, the examiner found that petitioner rendered his services in exchange for a sum specified in the contract which was paid in installments of $500 per week; and that petitioner, despite working varying hours of rehearsal and performance each week, received the same weekly installment.

The examiner's findings with respect to the power intervenor exercised over petitioner indicated that petitioner was not an employee. Specifically, the examiner found that intervenor did not have an unrestricted right to terminate petitioner; that petitioner retained his individual artistic integrity as an actor; that the Washington Opera, itself, did not set rehearsal schedules and give stage directions to petitioner while he performed under the terms of the contract for his operatic performance; and that the stage manager and the director who were retained for the presentation of this particular opera, rather than the Washington Opera, set petitioner's work schedule and gave him stage directions.

The examiner's findings with respect to intervenor's regular course of business indicated that petitioner was not its employee. The examiner found that all of Washington Opera's employees regularly perform duties of scheduling, advertising, and then presenting operas in the broad sense, rather than performing and directing in detail the performance of the particular opera in which petitioner performed; that the Washington Opera employs no directors, designers, or performers, but rather contracts with all the people necessary to create and perform the opera; that the Washington Opera does not in the course of its business present productions with full-time performers, directors and designers on its staff but rather contracts for these types of services on a production-by-production basis; and that intervenor owns no theater space, but leases space from the Kennedy Center in order to stage each opera.

The DOES appeals examiner, applying the common law test to the evidence presented, concluded that petitioner was not an employee of the intervenor. In our view, the conclusion by DOES—that petitioner did not perform the role of Pasha Selim during the presentation of the opera "The Abduction from the Seraglio" at the Kennedy Center in the status of an employee of the Washington Opera—flows rationally from findings supported by substantial evidence and comports with the applicable law.

*Affirmed.*

---

**4.** Petitioner contracted with the Washington Opera pursuant to a form contract incorporating the master agreement of the American Guild of Musical Artists ("AGMA"). The AGMA master agreement contained no provision regarding unemployment compensation.