**Charles E. DULIN, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.**

No. 90–494.

District of Columbia Court of Appeals.

Argued May 10, 1991.

Decided June 27, 1991.

Charles E. Dulin, pro se.

Laryce Woodyear Dowe (Michael A. Milwee, was on the brief), Washington, D.C., for respondent.

Before FERREN and TERRY, Associate Judges, and MACK, Senior Judge.

MACK, Senior Judge:

Petitioner appeals from the determination of the Department of Employment Ser-

vices (DOES) that he was ineligible for unemployment benefits because he was discharged by his employer for misconduct. We reverse.

After conducting a hearing by telephone,[1] an Appeals Examiner[2] concluded that petitioner, an accountant, was discharged for having misled his supervisor regarding the status of his work. The supervisor, before going on vacation, had asked petitioner whether he was current in his work. DOES found that petitioner "informed [his supervisor] that after he tallied up sales for three days he would be current." DOES also found that at the time petitioner made the statement, he "had not tallied up sales for the entire month of July 1989 or August 1989." Accordingly, DOES concluded that petitioner "knowingly told his employer an untrue statement," an act of dishonesty amounting to misconduct under 7 DCMR 312.3(g).

■ Upon review we determine whether substantial evidence supports the decision of DOES and whether it comports with the applicable law. *Ahmed v. District of Columbia Hackers License Appeal Board,* 501 A.2d 415, 416 (D.C.1986). Substantial evidence requires findings of fact on each contested issue, decisions following rationally from those facts, and sufficient evidence supporting each finding. *Citizens Association of Georgetown v. District of Columbia Zoning Commission,* 402 A.2d 36, 41 (D.C.1979). Upon review of the record, we conclude there is insufficient evidence to support the findings that petitioner made a false statement and that he did so knowingly.

■ Although the hearing examiner concluded that petitioner knowingly made an untrue statement, petitioner's former employer, which had the burden to prove petitioner's misconduct, could not provide testimony to support this conclusion. Rather, with respect to petitioner's statement—that "after he tallied up sales for three days he would be current"—the petitioner's supervisor testified that he "left me with the

impression, okay, and I think the phrase was designed to leave me with the impression that [he] was current.... And when I found out that [he was] not current, okay, I just interrupted [sic] that as [he was] falsifying whether ... [he was] current or not." Petitioner denied that his phrase was intended to mislead his employer and maintained that he was conveying the idea that he would not be current "until" information from another employee was made available so that he could complete his work in sequence.

Petitioner's answer to his supervisor's inquiry was the basis for the finding by DOES that he knowingly made an untrue statement. However, the record indicates only that petitioner's answer was ambiguous. It could have been interpreted as meaning either that he had completed all the work *except* for three days of accounting or that all of the accounting could not be completed *until* additional information for a three-day period could be obtained. The latter interpretation would make the statement true. The supervisor, who himself referred to petitioner's mention of a problem with another employee, chose the former interpretation.

DOES concluded petitioner's statement was untrue in light of its finding regarding how much work remained to be done at the time petitioner made his statement. Although the testimony was contradictory, the hearing examiner found that petitioner "had not tallied sales for the entire month of July 1989 or August 1989." However, petitioner's statement, under either interpretation, is not contrary to that finding. Petitioner did not state that he had completed the work for the entire month. Petitioner's statement indicated that some work remained. How much work petitioner said remained depends upon the interpretation given to his statement.

The issue is whether the employer met its burden to show that petitioner knowingly made an untrue statement. In this case,

---

1. Petitioner and his supervisor, who testified on behalf of the employer, were the only witnesses.

2. The Appeals Examiner's decision, which was affirmed by the agency, became the final decision of DOES.

the employer could have shown either that the statement had to mean what the supervisor interpreted it to mean or that petitioner knew his supervisor interpreted it in the way the supervisor did. We find no such evidence in this record. Thus, there is no support for the finding that petitioner knowingly made an untrue statement. We hold that where the evidence shows only that an employee's statement is ambiguous and the employer chooses to attribute a particular interpretation to that statement, the employer's assumptions, without more, are insufficient to meet its burden to show the employee knowingly made an untrue statement.

Reversed.