**ROSEXPRESS, INC., Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPART-MENT OF EMPLOYMENT SER-VICES, Respondent.**

**No. 90–702.**

District of Columbia Court of Appeals.

Submitted June 12, 1991.

Decided Jan. 31, 1992.

Petitioner filed a brief, pro se.*

Michael A. Milwee, Washington, D.C., was on the brief, for respondent.

* By order of the court, a letter from the president of RosExpress to the Clerk of the Court has been treated as petitioner's brief.

Before TERRY and WAGNER, Associate Judges, and NEWMAN, Senior Judge.

TERRY, Associate Judge:

Petitioner RosExpress, a business which delivers roses and other flowers, seeks review of a decision by the Department of Employment Services awarding unemployment benefits to a former RosExpress delivery driver, Peter Joynes. RosExpress asserts three errors by the Department. It maintains, first, that the Department erred in failing to determine whether Joynes was an employee or an independent contractor; second, that Joynes' behavior constituted misconduct and that the Department should have so found; and third, that the Department failed to determine whether Joynes had another job at the time he was seeking unemployment benefits. We agree with the first argument, and as to the second, we hold that the Department's decision is not supported by substantial evidence. Accordingly, without reaching the third claim of error, we reverse.

I

Peter Joynes drove a delivery truck for RosExpress for approximately three months in 1989. Joynes had signed an employment contract with RosExpress in which he agreed to call the company a half-hour before a delivery was due if he knew he would be unable to deliver the flowers on time. Adherence to this provision by company drivers enabled RosExpress to inform its customers in advance of any delay and to make alternate arrangements for delivery. The contract expressly provided for termination of employment upon the third violation of this policy. RosExpress consistently enforced this provision with its drivers.

Joynes missed his first deadline on September 27, 1989, when flowers which should have been delivered at 5:00 p.m. were actually delivered at 5:31. Joynes did not call the company until after the 5:00 o'clock deadline had passed. He received a warning on that occasion. On November 17 Joynes missed a 3:00 p.m. deadline and, once again, did not call until 3:30 to report what had happened. He was warned on November 20 that he would be fired if he missed another deadline without calling in advance. When he missed a third deadline on November 22, he was fired.

Joynes then filed a claim for unemployment compensation. Initially, a claims examiner ruled that he was ineligible for benefits because he had been discharged for "violation of company policy," i.e., misconduct. Joynes appealed from this decision, and an evidentiary hearing was held, at which both Joynes and a company representative testified. Joynes admitted in his testimony that he "was aware of the rules." The hearing examiner, however, reversed the claims examiner and ruled that Joynes was eligible to receive unemployment compensation. The hearing examiner found that Joynes had not been discharged for misconduct as defined in the applicable statute and regulations.[1] While acknowledging that Joynes had violated the employer's rules, the examiner found that the violations were due to circumstances beyond Joynes' control, such as traffic congestion or inability to find a parking place, so that his conduct could not be characterized as willful disregard of company policy. RosExpress appealed to the Office of Appeals and Review, which affirmed the decision of the hearing examiner. RosExpress now seeks relief from this court.

---

1. A person who has been discharged for misconduct is not eligible to receive unemployment benefits unless he or she meets certain conditions not pertinent here. D.C.Code § 46–111(b)(1) (1990). Misconduct is defined to include "willful disregard of the employer's interests [or] a deliberate violation of the employer's rules...." D.C.Code § 46–111(b)(2) (1990); see 7 DCMR § 312.3(a) (1986).

7 DCMR § 312.4 (1986) provides:

If willful violation of employer's rules is the basis for the disqualification from benefits because of misconduct, the Director shall determine the following:
(a) That the existence of the employer's rule was known to the employee;
(b) That the employer's rule is reasonable; and
(c) That the employer's rule is consistently enforced by the employer.

## II

■ RosExpress claims that Joynes was ineligible for unemployment benefits because he was an independent contractor, not an employee. The relevant portion of the statute defines "employment" as any service performed by "[a]ny individual who, under the usual common-law rules applicable in determining the employer-employee relationship, has the status of an employee...." D.C.Code § 46–101(2)(A)(i)(II) (1990). When the relationship of a worker to a company is that of an independent contractor rather than that of an employee as defined by the common law, that worker is not entitled to benefits under the District of Columbia Unemployment Compensation Act. *See, e.g., Spackman v. District of Columbia Department of Employment Services*, 590 A.2d 515 (D.C.1991).

At the hearing below, the representative of RosExpress, Lowell Press,[2] raised the issue of whether Joynes should be classified as an employee or an independent contractor. After testifying to the events leading up to Joynes' discharge, Mr. Press asked the examiner whether "this is ... the right time to enter the thing about the independent contractor." The examiner replied, "I already made a determination that you're okay." Mr. Press then said, "That's all I have for now," and the examiner turned the questioning to other matters. The issue of Joynes' status as an employee or an independent contractor did not come up again. Because this critical issue was left unresolved, the decision of the Department cannot stand.[3]

In reviewing any agency decision, this court must determine three things: "(1) whether the agency has made a finding of fact on each material contested issue of fact; (2) whether substantial evidence of record supports each finding; and (3) whether conclusions legally sufficient to support the decision flow rationally from the findings." *Levy v. District of Columbia Board of Zoning Adjustment*, 570 A.2d 739, 746 (D.C.1990) (citations omitted); *see Perkins v. District of Columbia Department of Employment Services*, 482 A.2d 401, 402 (D.C.1984); D.C.Code § 1–1509(e) (1987). A meaningful review requires the agency in its decision to "state findings of fact on each material, contested factual issue...." *Perkins, supra*, 482 A.2d at 402; *accord, Smithsonian Institution v. District of Columbia Department of Employment Services*, 514 A.2d 1191, 1194 (D.C.1986).

■ The record in this case contains no finding on the status of Joynes as either an employee or an independent contractor.[4] Since his eligibility for benefits depends on his being the former rather than the latter, and since this issue was expressly raised below, it should have been resolved at the hearing. Ordinarily, we would remand the case to the Department for further proceedings, since we cannot make the necessary finding ourselves. "If the agency fails to make a finding on a material, contested issue of fact, this court cannot fill the gap by making its own determination from the record, but must remand the case for findings on that issue." *Colton v. District of Columbia Department of Employment Services*, 484 A.2d 550, 552 (D.C. 1984) (citation omitted); *accord, Smithsonian Institution, supra*, 514 A.2d at 1194–1195. In this case, however, there is another, more fundamental flaw in the Department's decision.

---

2. Mr. Press' exact position with the company was not stated at the hearing, but it is clear that he was Mr. Joynes' superior.

3. We reject the Department's assertion that this is not a material issue because RosExpress "is not a chargeable base period employer on Mr. Joynes' claim...." Whether Joynes was an employee or an independent contractor is crucial to his eligibility for benefits, regardless of whose unemployment tax account will bear the cost of such benefits.

4. The examiner's cryptic comment, "I already made a determination that you're okay," cannot be regarded as a finding, especially when he did not give the employer's representative an opportunity to present evidence on the issue at the hearing.

## III

The hearing examiner found that Joynes' failure to comply with the company rules was not willful, and therefore did not constitute misconduct. RosExpress contends that this finding was not supported by substantial evidence. *See Washington Post Co. v. District Unemployment Compensation Board*, 377 A.2d 436, 439 (D.C. 1977); D.C.Code § 1–1510(a)(3)(E) (1987). We agree.

The critical sentences in the examiner's decision were as follows:

> Claimant stated that he could not call on those dates [September 27, November 17, and November 22] because of traffic, no parking, or getting lost.

> \* \* \* \* \* \*

> Claimant stated that he was prevented from following the employer's rules by circumstances which were beyond his control.

These two "findings" were the basis of the examiner's conclusion that Joynes' failure to follow company rules was not misconduct because it was not willful.

There are two problems here. In the first place, these statements are really not findings at all, for they merely parrot Joynes' testimony. We have made clear in the past, and emphasize again here, that "a reiteration of the evidence is not a finding of fact." *Newsweek Magazine v. District of Columbia Commission on Human Rights*, 376 A.2d 777, 784 (D.C.1977), *cert. denied*, 434 U.S. 1014, 98 S.Ct. 729, 54 L.Ed.2d 758 (1978).

In the second place, even if we regard these statements as findings, there is no evidence to support them. With respect to the first "finding," Mr. Joynes simply did not testify in the manner recited by the hearing examiner. When asked about the incident on September 27, Joynes admitted that he did not call until "after the delivery

deadline time," but he said nothing whatever about his reason for not calling earlier. The examiner then turned to November 17 and asked, "[W]hy couldn't you call prior to the deadline time?" Joynes replied, "I don't know what I was doing at that time, before the deadline time, that would probably impair me . . . from making that call to my employer." He went on to speculate that "[m]aybe I was stuck in traffic," or "was probably en route," or "probably was lost," or "probably couldn't find a place to park. . . ." But "maybe" and "probably" are not facts. There was no evidence whatever that Joynes was *in fact* stuck in traffic, lost, or unable to find a parking place. Thus there was nothing in Joynes' testimony sufficient to overcome his own admission that he did not call on November 17 until after the 4:00 o'clock deadline, despite having been "warned on several occasions that I needed to make a timely call. . . ."

Finally, after acknowledging that he was "verbally warned" on November 20 and that he was "aware of the rules," Joynes said that he did call on November 22 to report that he had one more delivery, but he admitted that this call too was made after the deadline.[5] His explanation for the lateness of the call was that he did not realize he had one more item to deliver until after 4:00 o'clock, and by then it was too late to meet the deadline. At no time, however, did he say anything about traffic or parking problems with respect to this last delivery. Likewise, there is nothing in the record to support the second "finding" except the "maybe" and "probably" testimony mentioned above, which we have already held to be insufficient. Thus we hold that there was no substantial evidence to support the hearing examiner's conclusion that Joynes' violation of company rules was not willful.

For these reasons, the order of the De-

---

**5.** There was some confusion in Joynes' testimony about November 22. He said at first that he called before the deadline, but when pressed by

partment awarding unemployment compensation benefits to Mr. Joynes is

*Reversed.*[6]

the employer's representative on this point, he admitted that he "made a mistake."

6. Since we are reversing the award of benefits on other grounds, we need not consider RosExpress' additional argument that Joynes was not "unemployed," D.C.Code § 46–101(5) (1990), and therefore not eligible for benefits, because he had another job as an insurance salesman.