**Ann Cuningham KEEP, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.**

No. 82–575.

District of Columbia Court of Appeals.

Submitted April 20, 1983.

Decided May 11, 1983.

---

Ann Cuningham Keep, petitioner, pro se.

Grace L. Rosner, Washington, D.C., for respondent.

Before KERN and FERREN, Associate Judges, and YEAGLEY, Associate Judge, Retired.

PER CURIAM:

Petitioner, who employed and later discharged claimant, contests the decision of the Department of Employment Services Office of Appeal and Review (the Department) granting claimant unemployment compensation benefits. We affirm.

For a five-month period, petitioner employed claimant as a housemaid and babysitter. At first, petitioner was satisfied with claimant's job performance. Toward the end of claimant's employment, however, petitioner alleges that several incidents

caused her to fear that her child's security might be threatened should the child remain in claimant's care. Accordingly, petitioner discharged claimant, effective January 20, 1982. Petitioner listed five reasons for claimant's discharge: (1) allowing the child to chew on wire garbage ties; (2) failing to put on the child's hat on a cold morning; (3) neglecting to strap the child in her stroller; (4) neglecting to give the child her bottle; and (5) untidy personal habits.

On January 21, 1982, claimant filed for unemployment compensation. The claims examiner determined that claimant had been terminated for negligent performance of job duties and concluded that this amounted to "misconduct" under D.C.Code § 46–111(b) (1981). Accordingly, the claims examiner issued a decision disqualifying claimant from receiving benefits for nine weeks. The Appeals Examiner reversed this decision, concluding that claimant was discharged for unsatisfactory work performance not amounting to statutory misconduct. The Department affirmed, and this petition for review followed.

In urging reversal, petitioner maintains that a ruling of misconduct was appropriate because these incidents of claimant's irresponsible behavior on the job amounted to "wanton or wilful disregard of the employer's interest" and "disregard of standards of behavior which the employer has the right to expect." *Hickenbottom v. District of Columbia Unemployment Compensation Board,* 273 A.2d 475, 477 (D.C.1971). Petitioner also contends that the "Summary of Facts" in the Appeals Examiner's decision, which the Department adopted, does not adequately reflect the evidence presented at the hearing. Finally, petitioner questions whether the Department, in reaching its decision, gave adequate attention to her allegations.

The scope of our review is limited to whether substantial evidence [1] supports the

---

1. "Substantial evidence is more than a mere 'scintilla' of evidence; it is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Liberty v.*

Department's determination that the reasons for claimant's discharge did not amount to statutory misconduct. This court, in *Hickenbottom, supra,* 273 A.2d at 477–78, adopted the following definition of "misconduct":

> Misconduct must be [1] an act of wanton or wilful disregard of the employer's interest, [2] a deliberate violation of the employer's rules, [3] a disregard of standards of behavior which the employer has the right to expect of his employee, or [4] negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. (Citation omitted.)

Any one of these grounds constitutes "misconduct" justifying disqualification.[2] But we also have stated that a "discharge from employment for violation of an employer's rules, or for any other type of alleged misconduct, does not constitute 'misconduct' per se." *Williams v. District Unemployment Compensation Board,* 383 A.2d 345, 349 (D.C.1978) (citing *Hickenbottom, supra*). While unsatisfactory work performance may amount to "misconduct" in some instances, implicit in this court's definition of "misconduct" is that the employee intentionally disregarded the employer's expectations for performance. Ordinary negligence in disregarding the employer's standards or rules will not suffice as a basis of disqualification for misconduct.

▪ Bearing in mind that the employer has the burden of proving misconduct,[3] we are satisfied that the record contains ample evidence to support the Department's decision. The Department reasonably could conclude from the transcript that petitioner failed to show that claimant's behavior in allegedly disregarding the employer's rules and standards was sufficiently wilful to

meet the statutory definition of misconduct. Petitioner herself freely testified that claimant had "a very good attitude" and that "none of this was intentional." In addition, claimant provided some explanation for the incidents, and testified that "I tried to be very careful with the child . . . I had no reason to . . . not do like she asked me to do, this was not a wilful thing that I wilfully did not do."

We further conclude that petitioner's assertion that the Department and the Appeals Examiner viewed her statements out of context is without merit. Upon review of the entire record, we conclude that the "Summary of Facts" adequately reflects the evidence presented at the hearing, and we are convinced that the Department gave "full and reasoned consideration to all material facts and issues." *Tenants Council of Tiber Island-Carrollsburg Square v. District of Columbia Rental Accommodations Commission,* 426 A.2d 868, 872 (D.C.1981) (citations omitted).

*Affirmed.*

---

*Police & Firemen's Retirement & Relief Bd.,* 410 A.2d 191, 192 (D.C.1979) (citation omitted).

2. *Marshall v. District Unemployment Compensation Bd.,* 377 A.2d 429, 432 (D.C.1977).

3. D.C.Code § 1–1509(b) (1981); *Simmons v. District Unemployment Compensation Bd.,* 292 A.2d 797, 800 (D.C.1972).