Margaret R. **COLTON**, Petitioner,

v.

**DISTRICT OF COLUMBIA DEPART- MENT OF EMPLOYMENT SERVICES, Respondent.**

No. 83–1286.

District of Columbia Court of Appeals.

Submitted Oct. 11, 1984.

Decided Nov. 20, 1984.

---

Margaret R. Colton, pro se.

N. Denise Wilson-Taylor, Washington, D.C., was on brief for respondent. Grace Lockett Rosner, Washington, D.C., entered an appearance for respondent.

Before MACK and TERRY, Associate Judges, and YEAGLEY, Associate Judge, Retired.

TERRY, Associate Judge:

Petitioner seeks review of a decision of the Department of Employment Services ruling her ineligible for unemployment compensation for eight weeks on the ground that she was discharged for misconduct. She contends that the Department's appeals examiner failed to make findings of fact on the only contested issue presented: whether she was authorized to do the act for which she was discharged. We agree with petitioner and remand the case for findings on that issue.

Under the District of Columbia Administrative Procedure Act, the appeals examiner's decision must contain findings of fact, "consist[ing] of a concise statement of the conclusions upon each contested issue of fact," and conclusions of law. Both findings and conclusions must be "supported by and in accordance with the reliable, probative, and substantial evidence." D.C. Code § 1–1509(e) (1981); see also 18 DCRR § 4609.2–4609.3 (1982). "This court has refashioned these requirements into a

three-part test for administrative decisions in contested cases: (1) the decision must state findings of fact on each material, contested factual issue; (2) those findings must be based on substantial evidence; and (3) the conclusions of law must follow rationally from the findings." *Perkins v. District of Columbia Department of Employment Services,* 482 A.2d 401 at 402 (D.C.1984) (citations omitted). If the agency fails to make a finding on a material, contested issue of fact, this court cannot fill the gap by making its own determination from the record, but must remand the case for findings on that issue. *Lee v. District of Columbia Zoning Commission,* 411 A.2d 635, 639 (D.C.1980).

In October 1981 petitioner went to work for Thomas House, a residence for the elderly, as its director of nursing. Two months later the administrator of Thomas House, Gilbert Smith, prepared a written evaluation of petitioner's work. He described her overall performance as "outstanding," the highest possible rating.

Shortly thereafter Mr. Smith was succeeded by John Hicks as administrator. The following summer, when Mr. Hicks began to prepare the budget for the next fiscal year, he determined that Thomas House was spending too much money on overtime for its employees. He therefore held a series of staff meetings in June and July in which he announced that no overtime could be authorized without his prior approval. The meetings were followed by a memorandum on October 8 from Mr. Hicks to all staff heads, including petitioner, reiterating the new overtime rule.

In December Mr. Hicks discovered that on four time sheets completed by petitioner, all for pay periods after October 8, she had authorized more than 100 "administrative hours" for members of her staff. Puzzled by what he had found, Mr. Hicks asked Linda Rose, a payroll employee, to find out from petitioner what "administrative hours" were. Petitioner told Rose that she used the term as a means of authorizing overtime without obtaining prior approval, thereby circumventing the rule laid down by Mr. Hicks. When Hicks learned of this, he fired petitioner for violation of the overtime policy.[1]

At the hearing before the appeals examiner, petitioner testified that in March 1982 she and Mr. Hicks developed a program for nursing aides under which the aides would be given "administrative hours" for all time worked in excess of forty hours per week. She said that she "was directed at that time by Mr. Hicks that the ongoing program would be treated and carried as two full-time jobs and the above 40 hours a week was to be put in the administrative leave category." According to petitioner's testimony, Mr. Hicks never instructed her to discontinue paying the aides in this manner. Although Mr. Hicks was present at the hearing and in fact cross-examined petitioner, he did not dispute her allegations.

The appeals examiner found that the violation of the overtime policy was the principal reason for petitioner's discharge. On the basis of that violation, he found that petitioner's actions constituted "misconduct," which disqualified her from receiving unemployment benefits. D.C. Code § 46–111 (b) (1981). The examiner made no finding, however, with regard to petitioner's uncontroverted testimony that she authorized the administrative hours for her staff with Mr. Hicks' approval, in accordance with a program developed in March 1982. This omission was critical because, if petitioner's testimony were found to be true, it would preclude a finding of misconduct.

■ Misconduct has been defined as an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his

---

1. Although Mr. Hicks' letter to petitioner, dated December 10, 1982, listed several reasons for her discharge, it became clear at the hearing below that there was only one reason: her knowing violation of the rule against authorizing overtime without prior approval.

employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.

48 AM. JUR. *Social Security, Unemployment Insurance, and Retirement Funds* § 38 (1943) (footnotes omitted), quoted with approval in *Hickenbottom v. District of Columbia Unemployment Compensation Board,* 273 A.2d 475, 477–478 (D.C.1971). Ordinary negligence or an honest mistake in judgment will not be regarded as misconduct; the employee's act or omission must be either intentional or of a high degree of negligence. *Jadallah v. District of Columbia Department of Employment Services,* 476 A.2d 671, 675 (D.C.1984); *Keep v. District of Columbia Department of Employment Services,* 461 A.2d 461, 463 (D.C.1983); *Hickenbottom v. District of Columbia Unemployment Compensation Board, supra.* We note also that the employer bears the burden of proof on the issue of misconduct. *Keep v. District of Columbia Department of Employment Services, supra,* 461 A.2d at 463.

 The "critical inquiry" here, as in any misconduct case, is whether petitioner was on notice that she could be discharged for her actions. *Jones v. District of Columbia Unemployment Compensation Board,* 395 A.2d 392, 395 (D.C.1978); *accord, Jadallah v. District of Columbia Department of Employment Services, supra,* 476 A.2d at 675; *Keep v. District of Columbia Department of Employment Services, supra,* 461 A.2d at 463; *Williams v. District Unemployment Compensation Board,* 383 A.2d 345, 349 (D.C.1978). Because petitioner's uncontroverted testimony bears strongly on that issue, the facts to which she testified are material, and the appeals examiner erred by failing to make findings which took her testimony into account.

We therefore vacate the order of the Department and remand this case for the entry of additional findings by the appeals examiner on the issue of whether petitioner authorized overtime payments for her staff pursuant to Mr. Hicks' specific instructions, notwithstanding the general policy against allowing overtime. The examiner may base his findings on the record as it now exists, or he may in his discretion take further testimony and receive further documentary evidence. If the examiner finds that petitioner acted on Mr. Hicks' instructions, then we direct the Department to grant her application for unemployment benefits. If the examiner finds otherwise, then the Department may enter a new order denying petitioner's application, subject to any further rights of appellate review that she may have.

*Vacated and remanded.*[2]

**2.** We reject petitioner's claim of age discrimination because it is not supported by any evidence.