GEORGE HYMAN CONSTRUCTION
COMPANY, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent.

No. 84–464.

District of Columbia Court of Appeals.

Argued March 27, 1985.

Decided Oct. 4, 1985.

Stewart S. Manela, Washington, D.C., with whom Alice L. Covington, Washington, D.C., was on briefs, for petitioner.

Richard B. Nettler, Asst. Corp. Counsel, Washington, D.C., with whom Inez Smith Reid, Corp. Counsel, John H. Suda, Principal Deputy Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on brief, for respondent.

Before NEBEKER, MACK and NEWMAN, Associate Judges.

NEBEKER, Associate Judge:

In this appeal, petitioner contends that the Director of the Department of Employ-

ment Services (DOES) exceeded his permissible scope of review when he made factual findings different from those of the hearing examiner, extending the workers' compensation eligibility period for Anthony L. Powell, petitioner's employee. Petitioner argues that DOES regulations limit the Director to substantial evidence review of a hearing examiner's decision, and that substantial evidence supports the hearing examiner's conclusion that Mr. Powell's temporary total disability ended October 18, 1982. We agree and reverse.

## I

Mr. Powell, the claimant here, began working for the George Hyman Construction Company in September 1981. On August 3, 1982, when he was sweeping a deck on a Hyman construction site in the District of Columbia, his feet got tied up in wire and he fell back against aluminum beams. He immediately visited Dr. Anson R. Hyde, who examined and x-rayed his back. The x-ray and examination revealed that Mr. Powell had a fracture of the left transverse process of his third lumbar vertebra, without displacement.

Dr. Hyde treated Mr. Powell for approximately two months. He regularly examined him, took x-rays, and tested his reflexes and sensation. The three x-rays, taken at intervals during the treatment period, showed a normal healing process and eventually complete healing of the fracture. Dr. Hyde cleared Mr. Powell for light duty work as of September 27, 1982. On October 8, Mr. Powell, who had not returned to work, again saw Dr. Hyde. He had no complaints of back pain at that time, but expressed fear that returning to regular duty would cause back pain. Dr. Hyde's examination on October 8 revealed no objective findings of continuing back injury, nor were there any negative muscular or

neurological findings. Dr. Hyde recommended that Mr. Powell return to regular duty on October 18, 1982.

On October 15, 1982, Mr. Powell consulted an orthopedic surgeon, Dr. Jeffrey H. Phillips, of the medical office of Joseph, Phillips & Green. He did not tell Dr. Phillips or any other doctor in the office that he had suffered a fracture of the left transverse process. He did complain of pain in the low back area. Dr. Phillips found that Mr. Powell was able to walk on his toes and heels; his posture, walking, straight-leg raising, neurologic examination and x-rays were normal. Based on Mr. Powell's complaints of pain, however, Dr. Phillips diagnosed him as suffering "acute lumbar strain, moderate."

Mr. Powell continued to visit this medical office. He was examined by each of the three doctors in the office, Dr. Phillips, Dr. Herbert H. Joseph, and Dr. Neil A. Green. Dr. Joseph noted that Mr. Powell was improving throughout the course of these examinations, but experiencing "mild" or "some" spasm.[1] On March 1, 1983, Dr. Joseph reported that Mr. Powell had some tenderness, but no spasm and only minimal restriction of motion. He concluded that Mr. Powell was ready to return to work. Nevertheless, Mr. Powell did not return to work, but visited the doctors with complaints of back pain. The doctors obtained normal results from standard orthopedic evaluation tests, and Dr. Joseph discharged him on May 10.

Despite the discharge, Mr. Powell returned to the doctors; they reported on July 26 and August 18, 1983, that he was "unfit for working duty" and "still unable to work." Nevertheless, as of August 1983, Mr. Powell had been working on a painting job for an employer other than petitioner for at least two months.[2] Dr. Joseph's final report of September 27,

1. In his testimony at Mr. Powell's DOES hearing, Dr. Joseph explained that a finding of mild spasm is based on a patient's complaints that he cannot bend all the way over without pain and the patient's report that he wears a back support on certain days and not on others.

2. Petitioner introduced videotapes of Mr. Powell carrying out his duties on his job for a painting contractor. The record does not make clear the exact date of the videotaping.

1983, states that he was working on light duty at that time.

Mr. Powell then visited Dr. Henry L. Feffer, a Board-certified orthopedic surgeon, on March 9 and September 14, 1983. Mr. Powell was seeking treatment for a urologic disorder, subsequently found to be unrelated to the injury.[3] Dr. Feffer examined him thoroughly, finding no muscle spasm, normal mobility of the lumbar spine, and no neurologic problem. On September 14, Dr. Feffer concluded that Mr. Powell's physical condition had not changed since his March 1983 examination, when he had found no evidence of work-related disability. He found no evidence of any residual physical impairment beyond the time when Mr. Powell was released to return to work by Dr. Hyde, the first doctor consulted. He found no objective findings from examination or from review of the other physicians' reports to support a conclusion that Mr. Powell could not return to work as a laborer.

## II

The hearing examiner heard the testimony of Drs. Hyde, Feffer, and Joseph. He reviewed their medical reports and the other evidence produced by the parties. In his Recommended Compensation Order, issued on December 1, 1984, he concluded that Mr. Powell had failed to establish temporary total disability due to an orthopedic impairment beyond October 18, 1982. The basis for his conclusion was three-fold. First, the hearing examiner found the testimony of Dr. Hyde credible and noted that October 18, 1982, was the date that Dr. Hyde released Mr. Powell to return to regular duty. Second, he accepted Dr. Feffer's reports and testimony. He found persuasive Dr. Feffer's opinion that Mr. Powell presented no objective evidence of orthopedic impairment beyond the time he was released to work by Dr. Hyde. Finally, in support of his decision, the hearing examiner pointed specifically to the fact that he

accepted the testimony of Drs. Hyde and Feffer that Mr. Powell related a history of no back pain at the time these physicians examined him, respectively, on October 8, 1982, and March 9, 1983.

The Director issued a Final Compensation Order on April 9, 1984. The Director first concluded that a claimant must persuade the agency by a preponderance of the evidence that he is entitled to compensation benefits. He stated that if the employer's evidence does not directly contradict the claimant's, the claimant will meet his burden. The Director focused on testimony of Dr. Joseph that Mr. Powell suffered from spasms and that this was an objective finding. The Director did not find that Dr. Feffer's testimony unequivocally and directly disputed Dr. Joseph's testimony regarding the objective nature of spasms. Accepting Dr. Joseph's testimony regarding objective findings of spasms in Mr. Powell's back, the Director found that he had suffered a disability because of his back through March 1, 1983. Based on his findings of fact, the Director extended Mr. Powell's period of eligibility for disability benefits from October 18, 1982, to March 1, 1983. This appeal followed.

## III

This court has determined that the regulations of DOES limit the Director to a substantial evidence review of a hearing examiner's decision. *Dell v. Department of Employment Services,* 499 A.2d 102, 106–107 (D.C.1985) (DOES Rule 3626.4 at 29 D.C. Reg. 5565 (1982) explicitly limits Director to substantial evidence review of hearing examiner's decision). An agency is bound by its own regulations. *Vitarelli v. Seaton,* 359 U.S. 535, 539–40, 79 S.Ct. 968, 972–73, 3 L.Ed.2d 1012 (1959); *Dankman v. District of Columbia Board of Elections and Ethics,* 443 A.2d 507, 513 (D.C.1981). Our sole inquiry, therefore, is whether the hearing examiner's decision was supported by sub-

---

**3.** The urological problem had evidently troubled Mr. Powell from infancy. His family physician had treated him for the condition periodically— as recently as 1981.

stantial evidence. *Saah v. District of Columbia Board of Zoning Adjustment,* 433 A.2d 1114, 1116 (D.C.1981) (substantial evidence issue is issue of law and reviewing court has greater expertise than agency in deciding such issues).

The trier of fact is entitled to draw reasonable inferences from the evidence presented. *North Central Airlines, Inc. v. Civil Aeronautics Board,* 105 U.S. App. D.C. 207, 210, 265 F.2d 581, 584, *cert. denied,* 360 U.S. 903, 79 S.Ct. 1285, 3 L.Ed.2d 1254 (1959). A hearing examiner's decisions are especially weighty when they involve credibility determinations. *Dell, supra,* at 106. Here, the hearing examiner had not only the medical records before him, but the testimony of doctors who had treated Mr. Powell. Dr. Joseph testified that neither he nor his colleagues knew that their patient had a fracture of the left transverse process of his third lumbar vertebra. It cannot be said that the hearing examiner was unreasonable in inferring that those doctors who knew Mr. Powell's relevant medical history were more credible than those who had been left "in the dark" by their patient.

Applying the Director's criterion, that the employer's evidence must "directly" contradict the claimant's or the claimant will prevail on a contested issue, we must conclude that substantial evidence underpins the hearing examiner's conclusion that Mr. Powell was fit for work as of October 18, 1982. The record contains evidence directly contradicting Dr. Joseph's testimony. The Director noted that Dr. Joseph had testified that Mr. Powell suffered from spasms and that this was an objective finding. Dr. Joseph, however, had also stated that findings of spasm are partially subjective and that a spasm by itself "doesn't say much." Additionally, Dr. Feffer had testified that, based on his review of the reports of Drs. Phillips, Joseph and Green, there was no objective orthopedic basis for Mr. Powell's not returning to work past October 18, 1982. Thus, the evidence supporting the hearing examiner's conclusion is "more than a mere scintilla," but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. of New York v. National Labor Relations Board,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938); *Nova University v. Educational Institution Licensure Commission,* 483 A.2d 1172, 1190 (D.C.1984), *cert. denied,* — U.S. ——, 105 S.Ct. 1759, 84 L.Ed.2d 822 (1985). For the DOES Director to ignore this evidence constitutes a reversible error. *Dell, supra,* at 109.

Finally, the hearing examiner's order complies with the three-part test set forth in D.C. Code § 1–1509(e) (1981). This test requires that:

> (1) the decision must state findings of fact on each material, contested factual issue; (2) those findings must be based on substantial evidence; and (3) the conclusions of law must follow rationally from the findings.

*Perkins v. District of Columbia Department of Employment Services,* 482 A.2d 401, 402 (1984). No party contested Mr. Powell's initial on-the-job injury. The contested issues related to the length of time the claimant was disabled because of the injury. Substantial evidence offered by the doctors who were fully apprised of the relevant medical history regarding Mr. Powell's orthopedic condition supports the hearing examiner's conclusion that he was able to return to regular duty on October 18, 1982, and accordingly ineligible for temporary total disability payments beyond that date. We, therefore, reverse the Director's decision and direct reinstatement of the original compensation order issued by the hearing examiner.

*Reversed.*