**Ray B. WAHLNE, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPART-MENT OF EMPLOYMENT SER-VICES, Respondent,**

**Mona Electrical Company and Maryland Casualty Company, Intervenors.**

**No. 97–AA–109.**

District of Columbia Court of Appeals.

Argued Oct. 22, 1997.
Decided Dec. 23, 1997.

Keith W. Donahoe, for petitioner.

Jo Anne Robinson, Interim Corporation Counsel at the time the statement was filed, and Charles L. Reischel, Deputy Corporation Counsel, filed a statement in lieu of brief, for respondent.

William S. Hopkins, for intervenors.

Before KING and REID, Associate Judges, and NEWMAN, Senior Judge.

KING, Associate Judge:

Ray Wahlne seeks review of a decision by the District of Columbia Department of Employment Services that his failure to supply timely and sufficiently clear notice of a work-related injury barred his claim for benefits under the Workers' Compensation Act.[1] He contends the agency erred in ruling that his notice was untimely by failing to determine whether he qualified for statutory exceptions excusing late notice. Because of the failure of the agency to make appropriate findings of fact and conclusions of law, we cannot determine whether Wahlne met this exception on this record. Therefore, we must remand to the agency for further proceedings.

## I.

Petitioner Wahlne, an employee of Mona Electrical Company ("Mona"), claimed that he injured his back while lifting a several hundred pound tamping machine at the company's District of Columbia job site on October 21, 1991. At no relevant time did Wahlne explicitly state to his foreman at the District site, to Mona's superintendent "in charge of labor," or to the three doctors he saw for treatment that his back injury was work related. Wahlne only reported to the District foreman and the labor superintendent that "his back was hurting" and that he was receiving medical treatment.

Wahlne missed work because of his injury from October 23 to November 3, 1991, reporting to a Mona job site in Bethesda, Maryland, on November 4. He told the foreman there: "I was working at the [District site] and that I had felt a little problem occurring with my back then" and that "I've ... been seeing a doctor—in physical therapy and that I can't do any heavy lifting." Wahlne testified that, in response to these remarks, the Bethesda foreman "put me on a fairly easy job, no lifting, no strenuous work," but his back pain nevertheless "progressively got worse and worse while working." The injury was diagnosed on November 14 as a herniated disc which eventually required surgery. Wahlne filed written notice of injury with the Office of Workers' Compensation on November 21, thirty-one days after the injury.

The hearing examiner found that Wahlne knew of his work-related injury on October 21 but failed to file written notice within thirty days of the injury, as required by D.C.Code § 36–313(a) (1997). Addressing an exception to this notice requirement and taking into account the presumption of sufficient notice found in D.C.Code § 36–321(2) (1997), the hearing examiner concluded that Wahlne's statement to the Bethesda foreman placed *that* foreman on notice that the injury was job-related. However, the hearing examiner ruled that this oral notice was legally insufficient because the Bethesda foreman was not "the agent in charge ... in the place where the injury occurred" to whom such notice must be given to satisfy the statutory exception. D.C.Code § 36–313(d)(1) (1997). Accordingly, the claim for compensation was denied.

On review, the Director of the Department of Employment Services concluded that the hearing examiner erred in finding Wahlne's statement to the Bethesda foreman was sufficiently detailed to make that foreman aware that Wahlne was claiming that his injury was work related. The Director then affirmed the ruling by the hearing examiner without deciding the question whether notice to the Bethesda site foreman, if it were sufficient,

---

1. The District of Columbia Workers' Compensation Act, D.C.Code §§ 36–301 to –345 (1997).

satisfied the statutory requirement that notice be given to "the agent in charge."

Notice requirements for worker's compensation claims are set forth in D.C.Code § 36–313(a)–(d) (1997). The Act requires that written notice of an injury be given within thirty days after the date of the injury, or within thirty days after the employee is aware of a relationship between the injury and the employment.[2] D.C.Code § 36–313(a)–(b) (1997). Although Wahlne does not dispute that he did not comply with this requirement, he maintains that this failure is not fatal because he can meet a statutory exception which provides:

> (d) Failure to give such notice shall not bar any claim under this chapter:
>
> (1) If *the employer (or his agent in charge of the business in the place where the injury occurred)* or the carrier *had knowledge* of the injury or death and its relationship to the employment and the Mayor determines that the employer or carrier has not been prejudiced by failure to give such notice.

D.C.Code § 36–313(d)(1) (1997) (emphasis added). For the reasons discussed below we cannot determine on this record whether the agency correctly decided that Wahlne did not comply with this provision.

## II.

 The Director must affirm a compensation order if the findings of fact contained therein are supported by substantial evidence in the record considered as a whole and if the law has been properly applied.[3] *See* D.C.Code § 36–322 (1997). The hearing examiner found that although Wahlne had not filed written notice within thirty days, his statement to the Bethesda foreman was sufficiently precise to constitute notice to that supervisor that his injury was work related.

Because we conclude that finding is supported by substantial evidence in the record, we hold that the Director erred in reversing the hearing examiner's finding on that point.

Wahlne stated upon arriving at the Bethesda site that he had injured his back working at the District site, that he was seeing a doctor for physical therapy, and that he needed to be put on light duty. His statement informed the foreman of "the injury ... and its relationship to the employment," as required by the exception contained in § 36–313(d)(1) of the Act. Furthermore, Wahlne's statement informed the foreman of the time, place, and nature of the injury as required by the written notice provisions of § 36–313(b) of the Act. Finally, Wahlne's testimony on this point was uncontradicted. For these reasons, we conclude that this finding by the hearing examiner should have been affirmed by the Director.

 The hearing examiner also ruled that the Bethesda foreman was not Mona's agent in charge "of the place of injury," and therefore actual notice had not been given to the employer under the terms of the governing statute. In her review of the hearing examiner's Compensation Order, the Director did not reach this issue and therefore did not determine whether that ruling was supported by substantial evidence and properly applied applicable law. Moreover, neither the hearing examiner nor the Director considered the significance, if any, of the unrebutted testimony by the District foreman that it was Mona company policy that every foreman inform his superiors of any job-related injury reported by an employee, regardless of where that injury occurred.

 Review of agency decisions is prescribed by D.C.Code § 1–1510 (1997). "The

---

2. D.C.Code § 36–313(a) states:
 Notice of any injury or death in respect of which compensation is payable under this chapter shall be given within 30 days after the date of such injury or death, or 30 days after the employee or beneficiary is aware or in the exercise of reasonable diligence should have been aware of a relationship between the injury or death and the employment. Such notice shall be given to the Mayor and to the employer.
 D.C.Code § 36–313(b) states in pertinent part:

 Such notice shall be in writing, shall contain the name and address of the employee and a statement of the time, place, nature, and cause of the injury or death....

3. Substantial evidence is "such relevant evidence as a reasonable mind might find as adequate to support a conclusion." *George Hyman Constr. Co. v. District of Columbia Dep't of Employment Servs.*, 498 A.2d 563, 566 (1985) (citations omitted).

agency must make findings on each material issue of fact; its findings must be supported by substantial evidence; and its conclusions must flow rationally from those findings and comport with the applicable law." *Red Star Express v. District of Columbia Dep't of Employment Servs.*, 606 A.2d 161, 163 (D.C. 1992) (citing *Colton v. District of Columbia Dep't of Employment Servs.*, 484 A.2d 550, 552 (D.C.1984)). Where interpretation of a statute is required, "we defer to the agency's interpretation so long as it is not plainly wrong or inconsistent with the legislature's intent." *Id.* (citing *Remin v. District of Columbia Rental Hous. Comm'n*, 471 A.2d 275, 279 (D.C.1984)).

 "If the agency fails to make a finding on a material, contested issue of fact, this court cannot fill the gap by making its own determination from the record, but must remand the case for findings on that issue." *Jimenez v. District of Columbia Dep't of Employment Servs.*, 701 A.2d 837, 840 (D.C. 1997) (quoting *Nursing Servs., Inc. v. District of Columbia Dep't of Employment Servs.*, 512 A.2d 301, 303 (D.C.1986)). Further, ordinarily this court will not attempt to interpret the agency's statute until the agency itself has done so. *See id.* at 841, n. 6 (citing *Mushroom Transp. v. District of Columbia Dep't of Employment Servs.*, 698 A.2d 430 (D.C.1997) (remand necessary to give Director opportunity to provide authoritative interpretation on important question of statutory interpretation)). Here, although the hearing examiner interpreted the applicable statutory provision, the Director did not. Accordingly, we remand the case to the agency with instructions to the Director to: (1) adopt the findings of fact and conclusions of law of the hearing examiner that the information imparted to the Bethesda foreman was sufficient to place that supervisor on notice that Wahlne's injury was work related; and, (2) determine whether notice to the Bethesda foreman is sufficient to meet the requirements of alternative notice provisions found in D.C.Code § 36-313(d)(1) (1997).

*So ordered.*