**Perry FONTENOT, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.**

**Personnel One, Inc. and Kemper Insurance Companies, Intervenors.**

**No. 00–AA–1496.**

District of Columbia Court of Appeals.

Argued Jan. 7, 2002.
Decided Aug. 15, 2002.

Walter J. Smith, Jr., Baltimore, MD, for petitioner.

Mary G. Weidner for intervenors.

Robert R. Rigsby, Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, filed a statement in lieu of brief for respondent.

Before TERRY, STEADMAN, and SCHWELB, Associate Judges.

TERRY, Associate Judge:

Petitioner seeks review of an order of the District of Columbia Department of Employment Services ("DOES") which denied his request for workers' compensation benefits for alleged job-related hypertension and stress-related disability. He argues that his employer did not present substantial evidence to rebut the presumption that his injuries arose out of and in the course of his job. Because the appeals examiner's decision was based on a document whose purported date of 1994 is most likely erroneous on its face and hence cannot be relied upon as substantial evidence, we reverse the order and remand the case to the DOES for further proceedings.

I

Petitioner, Perry Fontenot, was employed by Personnel One, Inc., a division of

Shannon and Luchs, a property management company. He worked as a painter and plasterer, refurbishing apartments at Howard Manor, one of the company's properties. As time went on, Mr. Fontenot gradually took on more responsibility as the maintenance staff at Howard Manor changed and other workers left their positions or were discharged. Fontenot alleged that the reduction in staff, coupled with his increased responsibilities, caused stress and hypertension for which he sought workers' compensation.

Before the compensation hearing, the parties stipulated that Mr. Fontenot's injuries occurred on November 24, 1997, when he experienced pain in his left arm and chest. He went to a hospital for tests, including an electrocardiogram. After these tests were completed, the hospital sent him home and advised him to see his own doctor. Soon thereafter Mr. Fontenot visited his personal physician, Dr. Thomas Gaiter, who diagnosed him with hypertension and put him on medication. Dr. Gaiter also ordered him to stay home from work, and later he wrote a series of physician's notes to Mr. Fontenot's employer to enable him to remain on sick leave.

The contested issues at the hearing before an appeals examiner were whether Mr. Fontenot's injury arose out of and in the course of his job, and whether there was a causal relationship between the job and the injury. At the hearing, both Mr. Fontenot and Larry Frelow, the property manager for Howard Manor, testified about Fontenot's duties as a maintenance man. In addition, the parties submitted various documents, including Mr. Fontenot's medical records and doctors' statements.

After the hearing, the appeals examiner issued a compensation order in which he found that Mr. Fontenot had made an initial showing sufficient to invoke the statutory presumption of compensability under D.C.Code § 32–1521 (2001). The examiner also concluded, however, that the employer had presented evidence sufficient to overcome the presumption that Mr. Fontenot's injuries arose from his employment. To support this conclusion, the examiner relied on a document prepared by Dr. Gaiter which bore a handwritten date of "6/23/94." This document reflects a diagnosis of hypertension at that time, which was more than three years before the stipulated date of injury.

The appeals examiner's order became final after the director of DOES failed to rule on Fontenot's application for review within forty-five days of its filing. *See* D.C.Code § 32–1522(b)(2) (2001). Fontenot then filed a petition for review in this court.

## II

This court's task on review of a workers' compensation order is generally limited to determining whether there is substantial evidence to support the final decision of the DOES. *See* D.C.Code § 2–510(a)(3)(E) (2001); *Sturgis v. District of Columbia Dep't of Employment Services,* 629 A.2d 547, 551 n. 3 (D.C.1993); *Dell v. Dep't of Employment Services,* 499 A.2d 102, 106–107 (D.C.1985). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938).

In any contested case, a hearing examiner's decision must include findings of fact and conclusions of law, which must be "supported by and in accordance with the reliable, probative, and substantial evidence." D.C.Code § 2–509(e). "This court has refashioned these requirements into a three-part test for administrative decisions in contested cases: (1) the decision must state findings of fact on each material, contested factual issue; (2) those

findings must be based on substantial evidence; and (3) the conclusions of law must follow rationally from the findings." *Perkins v. District of Columbia Dep't of Employment Services*, 482 A.2d 401, 402 (D.C. 1984). When the agency fails to make a finding on a material, contested issue, "this court cannot fill the gap by making its own determination from the record, but must remand the case for findings on that issue." *Colton v. District of Columbia Dep't of Employment Services*, 484 A.2d 550, 552 (D.C.1984).

█ The appeals examiner in this case found that Mr. Fontenot's disabling medical condition—hypertension and stress— arose more than three years before November 24, 1997, the stipulated date of his injury. The examiner based this finding primarily upon a form completed by Dr. Gaiter and dated June 23, 1994, which reported a diagnosis of hypertension and stress. Our examination of this document, however, leads us to conclude, for several reasons, that it most likely is dated incorrectly (probably the result of a slip of the pen by Dr. Gaiter).

First, the document is a pre-printed DOES form ("Form No. 12") designed to accompany workers' compensation claims, which suggests to us that the form was prepared by the doctor for the purpose of supporting Mr. Fontenot's claim, not a typical medical record. If that is the case, it must have been prepared after (or at most shortly before) Mr. Fontenot filed his workers' compensation claim. We note also that the form has a number in the lower left-hand corner ("95–0883") which suggests that it was created or revised in

1995. This too is inconsistent with the 1994 date beneath the doctor's signature.

Second, the information on the form is internally inconsistent. Dr. Gaiter wrote "6/23/94" in the "Date" blank beneath his signature, but filled in a date which the examiner interpreted as "7/4/94" in another blank marked "Date of first treatment." But if that date was actually July 4 (or July 11),[1] 1994, it would make no sense to conclude that Dr. Gaiter prepared the form on June 23, 1994, before he even saw Mr. Fontenot. Moreover, the "4" in the supposed "94" that immediately follows "7/4" is different in appearance not only from the "4" in "6/23/94," but also from the other handwritten "4's" on the form (*i.e.*, the "4" in Mr. Fontenot's social security number and the "4" in the doctor's identification number). This difference suggests that it is more likely not a "4" but a "7," which it more closely resembles, and that the date is therefore 7/4/97 (or 7/11/97). Third, the form states that Mr. Fontenot is fifty years old, which was his age in 1997 and 1998, not 1994. Fourth, Dr. Gaiter's medical notes refer to the preparation of a DOES form in June 1998.[2] If this is the same form, then the correct date is likely to be 6/23/98, not 6/23/94.

The appeals examiner expressed doubt about the date of this document in his compensation order. Nevertheless, despite the evidence that the document was in fact misdated, and without addressing its patent weaknesses, the examiner relied on it as the basis for his finding that the symptoms of hypertension and stress were present in 1994, long before the November 1997 injury date.[3] Because the examiner's

---

1. The appeals examiner read this date as July 4, 1994. It is unclear, however, whether the handwritten date is actually "7/4" or "7/11."

2. Mr. Fontenot was still fifty years old in June 1998; his fifty-first birthday, according to the record, was August 7, 1998.

3. The examiner also relied to some extent on the report of Dr. Keshishian, who made an independent medical evaluation of Mr. Fontenot at the request of his employer. Dr. Keshishian concluded that Mr. Fontenot was "predisposed or in fact was hypertensive at or before he was [employed]." However, even though Dr. Keshishian's report states that he

conclusion rested upon such a questionably dated document, we hold that his findings are not supported by substantial evidence; consequently, we must return the case to the DOES for reconsideration. *See, e.g., Nursing Services, Inc. v. District of Columbia Dep't of Employment Services,* 512 A.2d 301, 303 (D.C.1986).

We therefore reverse the compensation order and remand this case to the DOES, with directions to return it to the appeals examiner for further proceedings in light of this opinion.

*Reversed and remanded.*

reviewed Mr. Fontenot's medical records as provided by the employer's counsel and that he interviewed Fontenot about his past medical history, his report focuses only on blood pressure readings *after* the stipulated date of injury. Because it is not clear whether, or to what extent, Dr. Keshishian found the past readings significant, it may be appropriate to examine his findings more closely on remand.