Jacqueline D. MOORE, Petitioner,

v.

DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent,

Sheraton Washington Hotel and INA/CIGNA Insurance Company, Intervenors.

No. 00–AA–1640.

District of Columbia Court of Appeals.

Argued Nov. 21, 2002.
Decided Dec. 31, 2002.

Frederic W. Schwartz, Jr., with whom James W. Taglieri was on the brief, Washington, for petitioner.

Joel E. Ogden, Baltimore, Maryland, for intervenors.

Robert R. Rigsby, Corporation Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corporation Counsel, filed a statement in lieu of brief for respondent.

Before WAGNER, Chief Judge, and REID and GLICKMAN, Associate Judges.

GLICKMAN, Associate Judge.

Jacqueline D. Moore asks us to review a decision by the Director of the Department of Employment Services dismissing her claim for workers' compensation benefits as time barred under procedural regulations that the Department promulgated in 1994. Finding that the Director erred in applying these regulations retroactively to a voluntary compensation agreement that the parties made in 1990, we set aside the Director's decision and remand the case for the Director to decide it in light of the regulations then in effect.

Moore was working for Sheraton Washington Hotel as a housekeeper when she sustained work-related injuries in January 1988. Taking advantage of informal claim resolution procedures offered by the Office of Workers' Compensation (OWC), Moore and Sheraton voluntarily agreed to settle Moore's timely-filed workers' compensation claim. Under their initial agreement, which was reflected in a Memorandum of Informal Conference issued by the OWC in December 1988, Sheraton paid Moore temporary total disability benefits through August of 1989. From then on, pursuant to a subsequent Memorandum of Informal Conference issued in March of 1990, Sheraton paid Moore temporary partial disability benefits. Three and a half years later, however, in August 1993, Sheraton unilaterally ceased making these payments, for reasons not set forth in the record.[1]

Moore took no action to recover her benefits for six and a half years. Then, in February 2000, she requested a hearing before the Department of Employment Services to enforce the March 1990 OWC Memorandum of Informal Conference and to modify her compensation as appropriate. Moore contended that statutory time

---

1. The statutory five-year limitation on the payment of temporary partial disability bene-

fits, which is set forth currently in D.C.Code § 32–1508(5) (2001), had not yet run.

limits on enforcing or modifying compensation awards[2] did not bar her action because the March 1990 Memorandum was not a final compensation order. Sheraton had made compensation payments to her by voluntary agreement, Moore maintained, and no order finalizing an award of the temporary partial disability benefits envisioned in the March 1990 Memorandum had ever been entered. Absent such a final order, Moore argued, the statutory limitations period for seeking to enforce or modify a compensation award never began to run and so had not expired.

The Hearing Examiner and, on appeal, the Director, rejected Moore's argument and consequently concluded that her claim was time barred. In agreement with the Examiner, the Director reasoned that under the Department regulation governing the informal resolution of workers' compensation claims, *see* 7 DCMR § 219 (1994), the March 1990 Memorandum became a final award by operation of law when no party requested a formal hearing within thirty-four days after the Memorandum was issued.[3]

■■■ Unfortunately, what all concerned overlooked, including the Director, was that the Department of Employment Services did not promulgate the regulation on which the Director relied until 1994. *See* 41 D.C.Reg. 3213, 3221 (June 3, 1994) (amending 7 DCMR Chapter 2, "Private Sector Workers' Compensation Program"). The Director erred in applying that regulation to a Memorandum of Informal Conference that was issued four years before the regulation took effect. This error was not immaterial, for prior to 1994, the Department's regulations did not state that a Memorandum of Informal Conference could become final as a matter of law.[4] We therefore cannot uphold the Director's decision; when, as in this instance, an administrative agency decision "is based upon a material misconception of the law, this court will reject it." *Jerome Mgmt., Inc. v. District of Columbia Rental Hous. Comm'n*, 682 A.2d 178, 182 (D.C.1996).[5]

---

**2.** Under former D.C.Code § 36–319(a) (1997), Moore had two years from the date of default to make her application to collect unpaid benefits due under "any award of compensation." Former D.C.Code § 36–324(a) allowed Moore one year from the date of the last payment of compensation to request modification of her award on the basis of a change of conditions.

**3.** In pertinent part, 7 DCMR § 219.22 provides that "[i]f an application for formal hearing is not filed in accordance with § 220 of the chapter within thirty-four (34) working days after the issuance of the Memorandum of Informal Conference, said Memorandum shall become final." *See also Sandoval v. Washington Metro. Transit Auth.*, Dir. Dkt. No. 99–57, OHA No. 99–177, 1999 DC Wrk. Comp. LEXIS 432 at *6 (Nov. 1, 1999) ("If the AFH [Application for Formal Hearing] is not filed within the thirty-four (34) days, the memorandum becomes final by operation of law and the parties become bound by it.").

**4.** The counterpart regulation in effect in 1990, which had been issued in 1986, merely provided that if no party requested a hearing within twenty working days after receiving the informal conference memorandum, "the Office [of Workers' Compensation] shall issue a compensation order." 7 DCMR § 219.22 (1986). It is undisputed that no such order was issued in this case.

**5.** Before the Hearing Examiner and the Director, Moore failed to challenge the applicability of the 1994 regulation. Normally, "contentions not urged at the administrative level may not form the basis for overturning the decision on review." *Goodman v. District of Columbia Rental Hous. Comm'n*, 573 A.2d 1293, 1301 (D.C.1990). But "courts may show a measure of flexibility in this regard when the interests of justice so require." *Id.* Because Moore at all times did contend that the 1990 Memorandum was not a final order, we think the interests of justice counsel us not to ignore the plain error that infects the Director's rejection of that contention. *Cf.*

In this court, Moore and Sheraton debate whether the Worker's Compensation Act and the implementing regulations in force in 1990 should be construed to require the same result that the Director reached under the 1994 regulations. As the question is an open one, and as we generally "defer to the agency's interpretation of the statute and regulations it administers unless its interpretation is unreasonable" or is contradicted by the specific language of the law or its legislative history, *Cathedral Park Condo. Comm. v. District of Columbia Zoning Comm'n*, 743 A.2d 1231, 1239 (D.C.2000), we decline to parse the relevant provisions before the Director weighs in on them. *Accord, Wahlne v. District of Columbia Dep't of Employment Servs.*, 704 A.2d 1196, 1199

*James Parreco & Son v. District of Columbia Rental Hous. Comm'n,* 567 A.2d 43, 45 n. 4

(D.C.1997) ("[O]rdinarily this court will not attempt to interpret the agency's statute until the agency itself has done so.") Instead, we set aside the decision of the Director holding that Moore's claim for compensation is time barred, and we remand the case to enable the Director to consider in the first instance the applicability of the law and regulations in effect during the relevant time period.

*So ordered.*