# District of Columbia
# Court of Appeals

No. 14-AA-439

NATHALIA L. BROWN,

Petitioner,

v.

DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES,

Respondent,

                                                         **CRB-141-10**

   **&**

PEPCO,

Intervenor.

On Petition for Review of an Order
of the District of Columbia Compensation Review Board

BEFORE: THOMPSON and BECKWITH, *Associate Judges;* and FARRELL, *Senior Judge*.

**O R D E R**

On consideration of the motion, filed by respondent District of Columbia Department of Employment Services, to publish this court's March 24, 2016, memorandum opinion and judgment, regarding the above-referenced matter, and intervenor PEPCO having filed an answer to consent to the motion, it is

ORDERED that the motion to publish the memorandum opinion and judgment is granted, and that the decision be reissued as a published opinion forthwith.

PER CURIAM.

Copies to:

Timothy Fitzpatrick
Program Analyst
Department of Employment Services –
      Compensation Review Board

Matthew J. Peffer, Esq.
Chasen & Boscolo
7852 Walker Drive – Suite 300
Greenbelt, MD 20770

Shawn M. Nolen, Esq.
O'Connell & O'Connell, LLC
401 East Jefferson Street – Suite 204
Rockville, MD 20850

Todd S. Kim, Esq.
Solicitor General – DC

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 14-AA-439

FILED 6/9/16
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

NATHALIA L. BROWN, PETITIONER,

V.

DISTRICT OF COLUMBIA
DEPARTMENT OF EMPLOYMENT SERVICES, RESPONDENT,

&

PEPCO, INTERVENOR.

On Petition for Review of an Order of
the District of Columbia Compensation Review Board
(CRB-141-10)

(Argued March 25, 2015     Decided March 24, 2016)[*]

*Matthew Peffer* for petitioner.

*Kevin O'Connell*, with whom Shawn M. Nolen was on the brief, for intervenor.

*Irvin B. Nathan*, Attorney General for the District of Columbia at the time, *Todd S. Kim*, Solicitor General, and *Loren L. AliKhan*, Deputy Solicitor General, filed a statement in lieu of brief in support of intervenor.

---

[*] This decision was originally issued as an unpublished Memorandum Opinion and Judgment on March 24, 2016. It is now being published upon the court's granting of respondent's motion to publish.

Before THOMPSON and BECKWITH, *Associate Judges*, and FARRELL, *Senior Judge*.

BECKWITH, *Associate Judge*: In an earlier appeal in this workers' compensation case, this court identified some "unsettled issues concerning the interpretation of the Workers' Compensation Act and the procedural rules that the [Compensation Review] Board follows," and remanded the matter to allow the CRB to address two discrete questions in the first instance: (1) whether the Board here had the authority to raise sua sponte a claimant's suspension of benefits under D.C. Code § 32-1507 (d) (2012 Repl.), and (2) whether a claimant who seeks to modify such a suspension may do so only through complying with the Act's modification procedures, including specified time limits, as set out in D.C. Code § 32-1524 (2012 Repl.). *See Brown v. District of Columbia Dep't of Emp't Servs.*, 83 A.3d 739, 742, 747–49, 750–52 (D.C. 2014). The CRB answered both questions in the affirmative. Concluding that the Board has provided a reasonable interpretation of the statute and procedural rule, we affirm the decision below.

## I. Facts

The facts and procedural history of this case are set out fully in our opinion in *Brown*, 83 A.3d 739. In brief, appellant Nathalia Brown suffered work-related injuries while working for Potomac Electric Power Company (PEPCO) in 1995,

and received temporary total disability benefits from the company. *Id.* at 742. Ms. Brown then filed a claim for permanent total disability benefits, which Administrative Law Judge (ALJ) Henry W. McCoy denied after concluding that Ms. Brown was not totally disabled, that she had voluntarily limited her income, and that she had unreasonably refused to cooperate with PEPCO's offers of vocational rehabilitation.[1] ALJ McCoy also suspended Ms. Brown's temporary total disability benefits "until such time as she expresses a willingness to cooperate" with the vocational rehabilitation. The CRB affirmed. Rather than petition for review or express a willingness to cooperate with the rehabilitation, Ms. Brown filed a separate claim for permanent partial (rather than total) disability benefits. *See Brown*, 83 A.3d at 743. ALJ Nata K. Brown granted Ms. Brown's request for "schedule" and "non-schedule" permanent partial benefits, and ruled that these benefits should be paid consecutively rather than concurrently. Neither the parties nor ALJ Brown addressed ALJ McCoy's 2007 order suspending Ms. Brown's temporary total disability benefits.

Ms. Brown appealed ALJ Brown's award to the CRB, arguing only that her

---

[1] *See* D.C. Code § 32-1507 (d) (providing that "[i]f at any time during such period the employee unreasonably refuses . . . to accept vocational rehabilitation[,] the Mayor shall, by order, suspend the payment of further compensation . . . during such period, unless the circumstances justified the refusal").

benefits should be paid concurrently rather than consecutively. *See id.* at 744. PEPCO did not cross-appeal, nor did it cite Ms. Brown's failure to cooperate with vocational rehabilitation. *See id.* In its order, the CRB raised sua sponte ALJ McCoy's suspension-of-benefits ruling, stating that "[i]f Petitioner's benefits remain suspended because she failed to cooperate with vocational rehabilitation, then the ALJ did not have authority to enter any award" in the first place. The CRB vacated the award and remanded the case to ALJ Brown to determine whether Ms. Brown was eligible for benefits following her 2007 suspension. On remand, ALJ Brown held that Ms. Brown was ineligible for benefits as long as the 2007 suspension order under § 32-1507 (d) remained in effect. ALJ Brown indicated that such a suspension of benefits "ends only upon a demonstrated willingness of the injured party to participate in vocational rehabilitation"—a showing properly made through seeking to modify the suspension order under the Act's modification provision.[2] Ms. Brown never sought to modify the suspension

---

[2] *See* D.C. Code § 32-1524 (a) ("At any time prior to 1 year after the date of the last payment of compensation or at any time prior to 1 year after the rejection of a claim, provided, however, that in the case of a claim filed pursuant to § 32-1508 (a)(3)(V) the time period shall be at any time prior to 3 years after the date of the last payment of compensation or at any time prior to 3 years after the rejection of a claim, the Mayor may . . . order a review of a compensation case . . . where there is reason to believe that a change of conditions has occurred which raises issues concerning: (1) The fact or the degree of disability or the amount of compensation payable pursuant thereto; or (2) The fact of eligibility or the amount of compensation payable pursuant to § 32-1509.").

order. On review, the CRB affirmed the denial of benefits and rejected Ms. Brown's contention that ALJ McCoy's 2007 suspension order applied only to the temporary total disability benefits, stating that "[t]he plain language of the Act[] does not discriminate as to the type of benefit to be suspended when a claimant fails to cooperate."

Ms. Brown appealed the CRB's decision. In *Brown*, this court affirmed the CRB's ruling in part but remanded for the Board to address two questions: (1) whether the Board broke its own procedural rule when it denied a disability claim on a ground that had not been raised before the ALJ; and (2) whether the CRB's interpretation of D.C. Code § 32-1507 (d)—that is, when a claimant's eligibility for benefits is suspended under this provision, the claimant's only recourse is to modify the suspension based on a change of conditions pursuant to D.C. Code § 32-1524 (a), which imposes a time bar on modification—is inconsistent with either the plain language of § 32-1507 (d), or with "the general rule that 'workers' compensation statutes should be liberally construed to achieve their humanitarian purpose.'" *Brown*, 83 A.3d at 751 (quoting *Howard Univ. Hosp. v. District of Columbia Dep't of Emp't Servs.*, 952 A.2d 168, 173 (D.C. 2008)).

## II.  Legal Analysis

As the *Brown* court stated, this appeal presents questions of law, but "our review is subject to well-established doctrines mandating deference to an administrative agency's interpretation of its own rules and regulations and of the statute it is charged with implementing."  *See Brown*, 83 A.3d at 745–46.  We affirm the Board's decision.

As to the first issue, the CRB reasonably concluded that it did not violate its own procedural rule when it sua sponte raised ALJ McCoy's 2007 suspension order as a basis for denying Ms. Brown's disability benefits.  The CRB explained that ALJ Brown's 2009 compensation order—which the Board was reviewing— contained internal inconsistencies that required the CRB to raise the issue:  ALJ Brown "adopted and incorporated the findings of fact and conclusions of law set forth in" the 2007 suspension order, but also awarded Ms. Brown disability benefits.  Thus, the ALJ purported both to adopt a conclusion of law that Ms. Brown was not eligible for disability benefits and to award her such benefits.  In the CRB's view, it "did not raise an issue *sua sponte*," but rather "remind[ed] everyone involved in this matter that . . . there remained in place a Compensation Order suspending Ms. Brown's entitlement to benefits."  Failing to address ALJ McCoy's ruling, the CRB went on, "would have been to accept a 'material

misconception of the law' and to affirm a Compensation Order that was not in accordance with the law." *See Moore v. District of Columbia Dep't of Emp't Servs.*, 813 A.2d 227, 229 (D.C. 2002). We accept the CRB's reasoned analysis and hold that it did not violate its procedural rule in this case.

We also conclude that the CRB's interpretation of D.C. Code § 32-1507 (d) is entitled to deference. The Board determined that when a claimant's eligibility for benefits is suspended under § 32-1507 (d), the claimant's only recourse is to modify the suspension based on a change of conditions pursuant to § 32-1524 (a), which requires the claimant to take such action within either one or three years, depending on whether the claim involves schedule or non-schedule benefits. In defending this reading of the statute, the CRB explained that although the suspension of benefits under § 32-1507 (d) lasts "only 'during such period' as 'the employee unreasonably refuses . . . to accept vocational rehabilitation,'" *Brown*, 83 A.3d at 751 (quoting D.C. Code § 32-1507 (d)), this statutory provision "is not in conflict with the Act's modification provision at § 32-1524 (a) that requires a party [to] protect its rights within [one or three years]." The CRB found "nothing unreasonable or contradictory about requiring a claimant to make such a minimal showing"—"by cooperating with vocational rehabilitation or by merely expressing a willingness to do so"—within one or three years. The Board also concluded that such an interpretation of the statute properly gives "claimants [] strong incentives

to cooperate with vocational rehabilitation in order to avoid suspension of entitlement to any additional benefits."  Mindful of our deferential standard of review, we hold that the CRB's construction of the statute "represents a reasonable interpretation of the statutory language, is not foreclosed by the legislative history, and is consistent with a plausible articulation of the policy underlying the provision." *See Mushroom Transp. v. District of Columbia Dep't of Emp't Servs.*, 761 A.2d 840, 844 (D.C. 2000).

## III.  Conclusion

For the foregoing reasons, the judgment of the CRB is affirmed.

*So ordered.*