Sara J. **PETRILLI**, Petitioner,

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES**, Respondent.

**Frito-Lay, Inc. and National Union Fire Insurance Company, Intervenors.**

No. 84–787.

District of Columbia Court of Appeals.

Argued April 3, 1985.

Decided May 22, 1986.

Jeffrey P. Bloom, with whom Eric M. May, Washington, D.C., was on brief, for petitioner.

Edward E. Schwab, Asst. Corp. Counsel, with whom Inez Smith Reid, Corp. Counsel, John H. Suda, Principal Deputy Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on brief, for respondent.

Jeffrey W. Ochsman, with whom Robin D. Kardon, Washington, D.C., was on brief, for intervenors.

Before PRYOR, Chief Judge, NEBEK-ER, Associate Judge, and REILLY, Senior Judge.

NEBEKER, Associate Judge:

This appeal centers on jurisdiction under the District of Columbia Workers' Compensation Act, D.C.Code §§ 36–301 to –345 (1981 & 1984 Supp.). It raises two issues: (1) whether injury in the District of Columbia of itself provides a basis for coverage under D.C.Code § 36–303(a); and (2) whether the Director of the Department of Employment Services (DOES) correctly construed the terms "this employment" and "principally localized" as used id. to determine that petitioner Sara J. Petrilli's employment at the time of her injury lacked sufficient contact with the District to create jurisdiction. Because we find claimant was not engaged in employment covered by the Act, we affirm the final order denying compensation.

## I

On January 5, 1983, petitioner injured her back while attempting to close the door of the delivery truck she drove for Frito-Lay, Inc. At the time of her injury, she was in the District of Columbia making deliveries for her employer. She had been employed with Frito-Lay since February 1978, initially as a trainee, then on a delivery route located in the Georgetown area of the District until August 1980. Petitioner's duties required her, first, to report each day to her employer's premises in Beltsville, Maryland, pick up merchandise she was to sell on her route during the day, make deliveries, and return in the evening to the employer's Maryland facility. She spent substantially more time in the District than in Maryland while employed in these capacities in this 1978–80 period.

From August 1980 until July 12, 1982, petitioner served as district sales manager for Frito-Lay. She managed two different districts. Management of one sales district required her to spend about half her time in the District of Columbia supervising routes, setting up stores, selling new accounts, collecting bad checks, solving other problems with customers, and making deliveries on routes as an extra salesdriver. In managing her second district, she spent 35 to 40 percent of her time in the District of Columbia.

On July 12, 1982, petitioner's position again changed. Her job was then to sub-

stitute for other Frito-Lay drivers who were absent due to illness or for other reasons. From July 12, 1982, until her injury on January 5, 1983, she worked 109 days as a substitute. Eight of these days were on District of Columbia routes; she spent the other 101 days driving Maryland sales routes.

Other relevant facts, stipulated by petitioner and her employer at the time of her DOES workers' compensation hearing, include the following: (1) that petitioner is a resident of Maryland; (2) that the contract of hire was entered into outside of the District of Columbia; (3) that Workers' Compensation Insurance coverage is provided by the employer under the Maryland law; and (4) that under such Maryland coverage, disability compensation was being paid to petitioner.[1]

## II

Petitioner's principal contention is that because her work related injury occurred in the District of Columbia, that fact alone brought her within the coverage of the Act,[2] and hence the Director's construction of the statute, rejecting such contention was erroneous. We disagree, although we note that the intermediate report of the hearing examiner afforded some support to petitioner's theory.[3]

■ D.C.Code § 36–303(a) provides that coverage extends to an employee of an employer, as defined in paragraphs (9) and (10) of D.C.Code § 36–301, who is killed or injured *"irrespective of the place where the injury or death occurs* provided that at the time of such injury or death this employment is principally localized in the District of Columbia...."* (Emphasis added.) The Director concluded that the plain meaning of this provision, examined against the backdrop of its legislative history, rules out the occurrence of the injury in the District as a separate basis of coverage.

Based on his analysis of the legislative history and public policy underlying the

---

**1.** When this case was argued, petitioner was receiving temporary total disability compensation benefits under the Maryland Act apparently at a higher rate than the amount specified under the District's compensation system. At oral argument, counsel for petitioner conceded that under the District's statute, she could not collect full benefits simultaneously from both jurisdictions. Counsel contended, however, that petitioner's claim in the District is not moot because if appellant were covered in this jurisdiction, she arguably could collect compensation here when her Maryland benefits are exhausted, *see* D.C.Code § 36–303(a)(1) (1981), *infra* note 2—a perhaps questionable premise as the employer who had first paid compensation might seek to invoke the rule of *res judicata* or collateral estoppel to bar any compensation claim in another jurisdiction for the same injury or assert a lien or set-off against a second award. In view of our disposition of this case, however, we do not reach these issues.

**2.** D.C.Code § 36–303(a)(3) provides in part:

An employee and his employer who are not residents of the District of Columbia and whose contract of hire is entered into in another state shall be exempted from the provisions of this chapter while such employee is temporarily or intermittently within the District of Columbia doing work [f]or such nonresident employer, if such employer has fur-

nished workers' compensation insurance coverage under the workers' compensation or similar laws of such other state, so as to cover such employee's employment while in the District of Columbia.

**3.** In her recommended compensation order, the hearing examiner concluded that petitioner's injury within the District would of itself entitle petitioner to coverage under D.C.Code § 36–303(a), but for the fact that her case fit the exception to coverage for employment "temporarily or intermittently" in the District set out in subsection 303(a)(3). But as the Director concluded that petitioner's injury is not covered under § 36–303(a), the exceptions to coverage set forth in subsections (1)–(3) became academic at the agency level.

This court has reviewed the procedures DOES follows in deciding workers' compensation cases. *See, e.g., The George Hyman Constr. Co. v. District of Columbia Dept. of Employment Servs.,* 498 A.2d 563 (D.C.1985); *Dell v. District of Columbia Dept. of Employment Servs.,* 499 A.2d 102 (D.C.1985). Neither petitioner here nor employer Frito-Lay and its insurance carrier, intervenors here, challenges on appeal the agency's procedures. Moreover, because the outcome was the same under the orders issued, respectively, by the hearing examiner and by the Director, we perceive no prejudice to petitioner in our deciding this case on its merits.

Act,[4] the Director concluded that injury within the District is not of itself a basis for coverage. This conclusion is plainly in accord with the language of § 36–303(a). *See Davis v. Gulf Oil Corp.*, 485 A.2d 160, 166 (D.C.1984) (starting point in statutory construction must be language of statute itself, with its words "construed according to their ordinary sense").

An interpretation of the provision, which would not require a claimant's employment to be "principally localized" in the District of Columbia if the injury occurred here is tantamount to reading the "irrespective of place" clause out of the Act. Hence, the situs of the injury is not conclusive. The statutory wording clearly means that whether an injury occurs within or without the District, the claimant suffering the injury will be covered only when "this employment" is principally localized here or does not fall within the exceptions enumerated in § 36–303(a)(1)(2) and (3), *supra* note 2.

### III

Once we have determined that injury within the District serves as a basis for coverage under § 36–303(a) only when the employment is principally localized in the District of Columbia at the time of the injury, we must construe those operative terms.

■ Here, petitioner contends that "this employment" refers to her entire employ-

ment experience with Frito-Lay. In her recommended compensation order, however, the hearing examiner concluded that petitioner had worked for her employer since 1978 in four capacities: as a sales trainee, a salesdriver, a district sales manager, and as an extra salesdriver. When petitioner began work as an extra salesdriver in July 1982, the hearing examiner determined, "her employment relationship with employer changed as did the nature and amount of her work activity in the District." Under this "qualitative" analysis, the examiner concluded that the relevant job in analyzing "this employment" is the one held by the claimant at the time of the injury. He found that at the time of her injury petitioner was an extra salesdriver. The Director adopted this conclusion of the hearing examiner. In our opinion, such construction of the term was correct.

In deciding whether petitioner's employment is principally localized, the Director looked to the "employment relationship" while petitioner served as extra route salesdriver rather than merely the work activity on the particular day the injury occurred. The employment relationship is a set of substantial and legitimate contacts between the employment and the District.[5] The Director set forth the relevant factors in a three-part analytical framework:

1. The place(s) of the employer's business office(s) or facility(ies) at which or from which the employee per-

4. The Director discussed coverage under the predecessor statute, the Federal Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950 (1982 & 1983 Supp. I), and the problems raised for businesses in the District by the broad coverage under the statute. He then analyzed the legislative history of Bill 3–106, which after amendment became the District of Columbia Workers' Compensation Act. He tracked the amendments to the provision on coverage, codified at D.C.Code § 36–303(a), presented relevant passages from the Council of the District of Columbia, Committee on Housing and Economic Development, Report on Bill 3–106, District of Columbia Workers' Compensation Act of 1979 (Jan. 29, 1980), and discussed the results of a public meeting held on the bill on April 25, 1979. (Tape recordings of the pub-

lic meeting, called a "round-table discussion" are housed in Room 28 of the District Building, 14th and Pennsylvania Avenue, N.W.)

5. Viewing "this employment" as the employment relationship rather than the work activity gives effect to the exception to coverage provided in § 36–303(a)(3). *See supra* notes 2 & 3. The exception set forth in that subsection excludes employment that is "principally localized" in the District "temporarily or intermittently." Analysis of the work relationship permits the agency to examine significant contacts besides work activity in the District to deem whether contacts with the District are more substantial than those involving any other jurisdictions.

forms the principal service(s) for which he was hired; or

2. If there is no such office or facility at which the employee works, the employee's residence, the place where the contract is made and the place of performance; or

3. If neither (1) nor (2) is applicable, the employee's base of operations.[6]

■ In our opinion, it is unnecessary to hold that the three-part test set forth in this formula should have universal application in all cases. It is enough to say that the term "employment principally localized in the District" requires a showing that a claimant's employment relationship with this jurisdiction must have contacts more substantial here than in any other place. This limit on statutory coverage is consistent with the meaning of the term "principally localized" for such words plainly contemplate the kind of employment which is primarily or predominantly performed in the District.

Furthermore, such construction comports with the Act's legislative history and policy. A major aim of the District of Columbia Workers' Compensation Act of 1979 was to curtail the broad jurisdiction granted under the Federal Longshoremen's and Harbor Workers' Compensation Act. The broad coverage under the predecessor Act led many employees with relatively insubstantial District contacts to file for and receive benefits here.[7] That fact, in turn, caused insurance carriers to charge high premiums to companies located here, which—in turn—led to what the D.C. Council perceived as the flight of business from the District. The Council intended to reverse that trend in the coverage provisions of D.C.Code § 36–303. *See* Council of the District of Columbia, Committee on Housing and Economic Development, Report on Bill 3–106, District of Columbia Workers' Compensation Act of 1979 (Jan. 29, 1980); Council of the District of Columbia, Committee on Public Services and Consumer Affairs, Report on Bill 3–106, District of Columbia Workers' Compensation Act of 1979 (Jan. 16, 1980).

■ Petitioner is a Maryland resident working for a Maryland employer, whose contract for hire was entered into outside the District of Columbia and whose current occupation as an extra salesdriver kept her in Maryland for 101 out of 109 days she held the position. Her employment as an extra salesdriver brought her within the geographic boundaries of the District for 8 out of 109 days. Maryland was paying compensation to petitioner; she was thus receiving benefits for her injury from the jurisdiction with the most interest in her employment relationship at the time of that injury. It is true that petitioner's employment had some contact with the District. The Director properly determined, however, that her employment was not princi-

---

6. The Director drew the multifactorial test for determining whether employment is principally localized within the jurisdiction from the Iowa Supreme Court's analysis under its Workers' Compensation Statute, whose coverage provisions are like the District's in requiring that employment be "principally localized" in the jurisdiction. *Iowa Beef Processors, Inc. v. Miller*, 312 N.W.2d 530, 533 (Iowa 1981) (quoting Council of State Governments, Comprehensive Workmen's Compensation and Rehabilitation Law, § 7(d)(4) (1963)). In that case, it was held that proof of domicile in the state—an alternate ground of jurisdiction under the Iowa statute—was not controlling where the claimant's work was performed in another state and hence not principally localized in Iowa.

7. *See, e.g., Director, Office of Workers' Compensation Programs v. Boughman*, 178 U.S.App.D.C.

132, 545 F.2d 210 (1976). In *Boughman*, benefits under the Longshoremen's Act were provided to the family of an employee who was murdered in California. The employee lived in California, was killed there, and was directed in his work by a regional officer in the western United States. Apparently, he never worked in the District. *Id.* Jurisdiction under the Longshoremen's Act was construed to give that Act the widest coverage consistent with the Due Process clause. *Cardillo v. Liberty Mut. Ins. Co.*, 330 U.S. 469, 476, 67 S.Ct. 801, 805, 91 L.Ed. 1028 (1947); *Director, Office of Workers' Compensation Programs v. National Van Lines, Inc.*, 198 U.S.App.D.C. 239, 246, 613 F.2d 972, 979 (1979), *cert. denied*, 448 U.S. 907, 100 S.Ct. 3049, 65 L.Ed.2d 1136 (1980).

pally localized here because such contacts with the District were less substantial than with another jurisdiction.

*Affirmed.*