**MUSHROOM TRANSPORTATION and National Union Fire Insurance Company, Petitioners,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent,**

**Ira Scott, Intervenor.**

**No. 98–AA–1566.**

District of Columbia Court of Appeals.

Argued March 9, 2000.
Decided Oct. 26, 2000.

---

Kelly D. Vanstrom, Columbia, MD, with whom Michael S. Levin was on the brief, for petitioners.

George E. Swegman, Washington, DC, for intervenor.

Robert R. Rigsby, Acting Corporation Counsel, Charles L. Reischel, Deputy Corporation Counsel, and Edward E. Schwab, Assistant Corporation Counsel, filed a brief for respondent.

Before SCHWELB, RUIZ, and GLICKMAN, Associate Judges.

GLICKMAN, Associate Judge.

A subsection of the Workers' Compensation Act of 1979 that was repealed in 1999 provided that a disabled employee's workers' compensation benefits were subject to reduction if the employee received payments "from employee benefit plans subject to [ERISA] and such income maintenance plans solely funded by the employer." D.C.Code § 36–308(9) (1997).[1] The Department of Employment Services (DOES) construed the quoted language to mean that workers' compensation benefits could be reduced on account of payments from an employee benefit plan subject to ERISA only if that plan was solely funded by the employer. DOES accordingly held in the present case that intervenor Ira Scott's receipt of payments from his union pension fund did not reduce the workers' compensation benefits to which he was entitled, because the union pension plan—an employee benefit plan subject to ERISA— was not solely funded by Scott's employer,

1. Former D.C.Code § 36–308(9) read as follows:

In no event shall the total money allowance payable to an employee or his dependent survivor(s): (1) As compensation for an injury or death under this chapter; (2) as federal old age, and survivors insurance benefits; and (3) from employee benefit plans subject to the Employment Retirement Income Security Act of 1974 (26 U.S.C. § 401 et seq.) [ERISA] and such income maintenance plans solely funded by the employer (computed weekly) exceed in the aggregate the higher of 80% of the employee's average weekly wage or the total of federal payments and employee benefit plans payments. In the event the total aggregate money allowance payable to an employee or his survivor(s) exceeds this limitation, the amounts otherwise payable as compensation or death benefits under this chapter shall be reduced accordingly. Subsection (9) was repealed in its entirety on April 16, 1999. See D.C. Law 12–229, 46 D.C.Reg. 891, 894 (1999). The Workers' Compensation Act no longer provides for a reduction of workers' compensation benefits on account of other benefits that the disabled employee may receive.

petitioner Mushroom Transportation. On appeal to this court, Mushroom Transportation and its insurer ask us to reject DOES's construction of former D.C.Code § 36–308(9) and hold instead that the statute authorized a reduction in benefits if the employee receives money from an employee benefit plan subject to ERISA whether or not the plan was funded solely by the employer. Under petitioners' proposed construction of the statute, Scott's workers' compensation benefits would have to be reduced on account of his union pension.

This is the second time that this dispute is before us. In the first appeal, we found D.C.Code § 36–308(9) to be ambiguous, and we remanded the case to DOES for an authoritative interpretation of the provision. *See Mushroom Transp. v. District of Columbia Dep't. of Employment Servs.,* 698 A.2d 430 (D.C.1997) (*"Mushroom I"*). On this appeal, we are satisfied that on remand the Director of DOES conducted the analysis we required and adopted a reasonable construction of § 36–308(9). Because this court defers to an administrative agency's interpretation of the statute that it administers if that interpretation is a reasonable one in light of the language of the statute and its legislative history, we affirm the Director's decision in this case.

*Factual Summary and Procedural History*

Ira Scott worked as a truck driver for Mushroom Transportation for three years. Scott sustained a back injury in the course of his employment, and he was eventually awarded permanent total disability benefits under the Workers' Compensation Act. Mushroom began paying him weekly benefits in accordance with the award in 1990.

As a member of Teamster's Union Local 639 for over 27 years, Scott had made regular payments to the union for dues and pension benefits. When Mushroom learned in 1992 that Scott had begun receiving his union pension, it petitioned DOES to reduce Scott's workers' compensation benefits pursuant to D.C.Code § 36–308(9). Mushroom also sought an overpayment credit of $53,000, to be charged against future payments due to Scott.

A hearing examiner denied Mushroom's petition on the ground that the union pension plan was not solely funded by the employer but rather had been funded by Scott himself. Mushroom appealed the examiner's ruling directly to this court, bypassing review by the Director of DOES pursuant to D.C.Code § 36–322(b).

That first appeal resulted in *Mushroom I,* where we found the operative language of D.C.Code § 36–308(9) to be ambiguous. *Mushroom I,* 698 A.2d at 431. Although our opinion acknowledged the general rule that DOES's interpretation of the Workers' Compensation Act is binding on this court so long as it is reasonable and does not conflict with the plain meaning of the statute or its legislative history, we concluded that we could not defer to the hearing examiner's interpretation of § 36–308(9) for three reasons. First, the Director of DOES had not passed on the statutory interpretation question. *See id.* at 432–33. Second, in construing § 36–308(9) as she did, the examiner relied on the decision of the Director in *Shaner v. W.A. Chester, Inc.,* Dir. Dkt. No. 89–62, H & AS No. 89–140, OWC No. 5433 (April 12, 1993). That case, however, addressed a different issue—the meaning of the statutory phrase "solely funded by the employer," not whether that phrase modified "employee benefit plans." *Shaner* was not controlling on the latter issue "[b]ecause the Director in *Shaner* was not asked, and therefore did not decide, whether the statutory provision should be interpreted in the way the hearing examiner has construed the provision here." *Mushroom I,* 698 A.2d at 433. Third, apart from her misplaced reliance on *Shaner,* the examiner did not conduct "any analysis of the language, structure, or purpose of the statutory provision." *Id.* We remanded the case to permit the Director to make "an authoritative interpretation" of § 36–308(9) "in light of the language of the

statute, its legislative history, and DOES precedent." *Id.* at 431. In particular, our opinion suggested that the Director weigh the significance of the following sentence in the legislative history of the Workers' Compensation Act:

> The Bill provides that compensation benefits are to be reduced if the total amount of money received from Worker's Compensation benefits, from social security, and *from employee benefit plans, and from employer-funded income maintenance plans,* taken as a whole, exceed 80% of the employee's average weekly wage or total of federal payments received by the employee.

COMMITTEE ON HOUSING AND ECONOMIC DEVELOPMENT, REPORT ON THE DISTRICT OF COLUMBIA WORKERS' COMPENSATION ACT OF 1979, Bill 3–106, at 12 (Jan. 29, 1980) (emphasis added). We noted that the distinction in this sentence between "employee benefit plans" and "employer-funded income maintenance plans" supported Mushroom's contention that § 36–308(9) authorized a reduction in workers' compensation benefits on account of an employee benefit plan such as a union pension even if the plan was not employer-funded. *Mushroom I,* 698 A.2d at 434. We did not, however, consider this single sentence in a committee report to be dispositive, in and of itself, of the interpretive question posed by the ambiguous language of § 36–308(9).

On remand the Director of DOES undertook the analysis of the statute that *Mushroom I* requested, and he construed § 36–308(9) to permit reduction of benefits on account of payments from an employee benefit plan only if the plan was solely funded by the employer. *See Scott v. Mushroom Transp.,* Dir. Dkt. No. 95–38, H & AS No. 88–44A, OWC No. 74896, 1998 D.C. Wrk. Comp. Lexis 483 (Aug. 17, 1998). The Director considered the sentence in the committee report that *Mushroom I* cited but found it inconclusive. The Director also found that "further review of the legislative history does not shed any more light on the meaning of this statutory provision." *Id.* at 4. In the absence of clear guidance in the legislative history, the Director stressed that his interpretation of § 36–308(9) would be informed by "the general rule ... that concerning private pension plans, 'whether provided by the employer, union or the individual's own purchase, there is ordinarily no occasion for reduction of compensation benefits.'" *Id.* at 4 (citing 9 A. LARSON, THE LAW OF WORKMAN'S COMPENSATION, § 97.51(a) (1998)). Examining the language of § 36–308(9) itself "against th[e] background" of that general rule, the Director concluded that the structure and wording of the statute indicated that the phrase "solely funded by the employer" qualified ERISA "employee benefit plans" as well as "such income maintenance plans." *Id.* The Director reasoned that "[i]f it was the Council of the District of Columbia's intention not to treat the plans the same, it seems that the provision would have been drafted to read, '(3) from employee benefit plans subject to [ERISA]; and (4) from income maintenance plans solely funded by the employer....'" *Id.* at 5. The Director thought that the Council's use of the word "such" also indicated a connection between "income maintenance plans" and the preceding term "employee benefit plans" so that it made sense to think that both terms were modified by the phrase "solely funded by the employer." *Id.* The logic and reasonableness of this construction of the statute were, the Director concluded, illustrated by the facts of the present case:

> In this case, *claimant himself,* other union workers and all former employers claimant worked for, made payments into the fund for 27 (twenty seven) years. In comparison, employer in this case only paid into the fund for less than 3 (three) years. Thus, an overwhelming majority of the payments that were made into the union fund were not made by employer.

*Id.* at 5 (Emphasis in the original). The Director plainly deemed it unfair to the employee, as well as contrary to prevailing norms in the field of workers' compensation, for the employer to benefit from a

fund to which it had not substantially contributed—especially where giving the employer a credit would in effect penalize the employee for his contributions into the fund.

### Discussion

▮ The sole issue before us is whether DOES's construction of § 36–308(9) is reasonable. " 'The agency's interpretation of the statute it administers is binding on this court unless it conflicts with the plain meaning of the statute or its legislative history.... Indeed, we must sustain the agency's interpretation even if a petitioner advances another reasonable interpretation of the statute or if we might have been persuaded by the alternate interpretation had we been construing the statute in the first instance.' " *Mushroom I*, 698 A.2d at 432 (quoting *Smith v. District of Columbia Dep't of Employment Servs.*, 548 A.2d 95, 97 (D.C.1988)).

We are satisfied that DOES's construction § 36–308(9) represents a reasonable interpretation of the statutory language, is not foreclosed by the legislative history, and is consistent with a plausible articulation of the policy underlying the provision. The ambiguous wording of § 36–308(9) is capable of supporting the Director's reading. The pertinent legislative history is scant and the Director could reasonably find that it is inconclusive. In these circumstances we have every reason to respect the expertise of the Director in identifying the underlying policy of the statute and construing the statute to further that policy. The Director's judgment is, in fact, in agreement with what this court has described as "the basic purpose of the legislation, namely, to assure that the employee will not receive more money for not working than for working if, but only if, the sources of his benefits include an employer funded plan," *Washington Metro.*

*Area Transit Auth. ("WMATA") v. District of Columbia Dep't of Employment Servs.*, 731 A.2d 845, 849 (D.C.1999) (holding that employer's retirement plan is not "solely funded" by employer if it was partly funded by employees). *Cf. Johnson v. Washington Metro. Area Transit Auth.*, Dir. Dkt. No. 95–65, H & AS 91–980A, OWC No. 204527, 1997 D.C. Wrk. Comp. LEXIS 312 (Mar. 31, 1997) (§ 36–308(9) is designed to avoid "double-dipping" and thereby to protect employers from overpaying to make up the employee's lost income, but not "by simply ignoring [the employee's] contribution to the retirement fund").

We fully appreciate that Mushroom is able to advance a reasonable alternative construction of § 36–308(9). It is not unreasonable for Mushroom to argue that the phrase "solely funded by the employer" modifies only the term "such income maintenance plans" and not the term "employee benefit plans subject to [ERISA]." That reading is grammatically acceptable, is consistent with the sentence in the committee report quoted above, and is supported by the arguable policy that an employee experiencing only one wage loss should receive only one wage loss benefit. *See WMATA*, 731 A.2d at 848. There may be differences between income maintenance plans and other employee benefit plans that would justify different treatment in § 36–308(9).[2]

Nonetheless, our role is not to choose between two reasonable interpretations of the statute. Under our jurisprudence, where DOES has analyzed the language, legislative history and purpose of a provision of the Workers' Compensation Act, and articulates a reasonable interpretation of that provision based on that analysis, that interpretation is "authoritative." *Mushroom I*, 698 A.2d at 431. We find

---

**2.** DOES argues that Mushroom's proffered construction of § 36–308(9) would render the statute invalid under 29 U.S.C. § 1144(a) (1975), the preemption provision of ERISA, because it would in effect treat income received by a disabled worker from an ERISA benefit plan differently from other forms of compensation that the worker might receive. Since we reject Mushroom's construction on other grounds, we have no occasion to consider this argument.

that DOES has articulated such an authoritative interpretation in this case. We therefore approve DOES's determination that under former D.C.Code § 36–308(9), workers' compensation benefits are subject to reduction on account of payments received from a union pension or other employee benefit plan subject to ERISA only if that plan was solely funded by the employer. Since Scott's union pension fund in this case was not solely funded by Mushroom, no reduction in benefits was authorized. Accordingly, the decision of the Director is

*Affirmed.*