Justice ADJEI, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT SER-
VICES, Respondent,

Colonial Dodge, Inc., and Universal
Underwriters Insurance Company,
Intervenors.

No. 01–AA–1580.

District of Columbia Court of Appeals.

Argued Jan. 16, 2003.
Decided Feb. 20, 2003.

Richard W. Galiher, Jr., Rockville, MD, for petitioner.

Thomas G. Hagerty, Washington, DC, for intervenors.

Robert R. Rigsby, Corporation Counsel at the time, and Charles L. Reischel, Deputy Corporation Counsel, filed a statement in lieu of brief for respondent.

Before WAGNER, Chief Judge, and REID and GLICKMAN, Associate Judges.

GLICKMAN, Associate Judge:

Justice Adjei asks us to reverse a decision by the Department of Employment Services (DOES) denying his claim for workers' compensation benefits on the ground that he and his employer were exempted from the provisions of the Dis-

trict of Columbia Workers' Compensation Act by the exception to the Act's coverage set forth in D.C.Code § 32–1503(a–3) (2001). Adjei contends that DOES misconstrued the scope of the coverage exception and misapplied it by disregarding substantial evidence in the record. We conclude otherwise and affirm the denial of Adjei's claim.

## I.

Adjei worked for Colonial Dodge, Inc., as a "parts driver," delivering automotive parts and supplies to service stations and other locations in Maryland, Virginia and the District of Columbia. Adjei claimed that he sustained a cumulative back injury carrying cases of antifreeze on three separate delivery runs, the first two in Maryland and the last in the District. Adjei filed for workers' compensation benefits in both the District and Maryland.

At the time of his injury, Adjei was a resident of Maryland. Colonial Dodge was headquartered in Maryland and was licensed and registered to do business there. Adjei had entered into his employment contract with Colonial Dodge in Maryland, and Colonial Dodge furnished coverage for its employees, including Adjei, under the workers' compensation law of Maryland.[1] Daily delivery run records for the two-week period leading up to the date of Adjei's injury showed that most of his deliveries were in Maryland, and only a handful of delivery runs—thirteen out of two hundred thirty, or fewer than six percent—were in the District of Columbia. The runs into the District were comparable in duration to the runs elsewhere.

The DOES hearing examiner concluded on these undisputed facts that subsection (a–3)[2] of D.C.Code § 32–1503 exempted Adjei and Colonial Dodge from the coverage of the District of Columbia Workers' Compensation Act. The examiner considered the sole point in contention to be whether Adjei worked in the District only "intermittently" within the meaning of subsection (a–3). Adjei argued that the term "intermittently" signified employment that was temporary, part-time or seasonal. The examiner rejected this argument on the ground that the term is used in the statute "to qualify and quantify the actual time in the District of Columbia as opposed to describing claimant's employment as a whole." Since "intermittently" is not defined in the Act, the examiner referred to the dictionary definition of "intermittent" as meaning "coming and going at intervals: not continuous; also occasional."[3] Using this definition, the exam-

1. The Maryland workers' compensation law provides that if an employer "regularly employs" an individual within Maryland, the individual remains covered by the law while working for that employer outside of Maryland "on a casual, incidental, or occasional basis." MD. CODE ANN. LAB. & EMPL. § 9–203(a)(2) (2002).

2. D.C.Code § 32–1503(a–3) reads as follows: An employee and his employer who are not residents of the District of Columbia and whose contract of hire is entered into in another state shall be exempted from the provisions of this chapter while such employee is temporarily or intermittently within the District of Columbia doing work for such nonresident employer, if such employer has furnished workers' compensation insurance coverage under the workers' compensation or similar laws of such other state, so as to cover such employee's employment while in the District of Columbia. The benefits under this chapter or similar laws of such other state shall be the exclusive remedy against such employer for any injury, whether resulting in death or not, received by such employee while working for such employer in the District of Columbia.

3. Merriam Webster's Collegiate Dictionary 611 (10th ed.1998).

iner concluded that Adjei's deliveries in the District were occasional and hence intermittent under the Act.

Adjei appealed the hearing examiner's denial of his claim to the Director of the Department of Employment Services. While his appeal was pending, the Maryland Workers' Compensation Commission disallowed the claim for benefits that Adjei had filed under Maryland law based on its finding that Adjei did not sustain an accidental injury arising out of and in the course of employment.[4]

Thereafter, the Director of DOES affirmed the hearing examiner's denial of Adjei's claim. The Director concluded that "[a]s Claimant only made a few trips in the District, when compared to the trips Claimant made in Maryland, Claimant was properly classified as working only intermittently in the District of Columbia" for purposes of D.C.Code § 32–1503(a–3). Deeming the other requirements of subsection (a–3) satisfied as well, the Director agreed with the examiner that the District of Columbia did not have "jurisdiction" over Adjei's claim.

After filing his petition for review in this court, Adjei moved to remand the case for DOES to consider whether the District had a substantial interest in awarding benefits to him in light of Maryland's denial of benefits for the same injury. Intervenors Colonial Dodge and its workers' compensation insurance carrier opposed a remand, though DOES did not, and Adjei's motion for remand was denied. Adjei represents that his appeal from the decision of the Commission in Maryland has been stayed pending the outcome of his appeal here.

## II.

Adjei argues that D.C.Code § 32–1503(a–3), *supra* footnote 2, did not exempt him and Colonial Dodge from the coverage of the D.C. Workers' Compensation Act for two reasons: because the Maryland Workers' Compensation Commission denied his claim for benefits under Maryland law, and because three months' worth of daily run records showed that he continuously made deliveries in the District several days each week as part of his job. In support of his first reason, Adjei argues that subsection (a–3) should not be construed to apply where the employee has not received and is not entitled to receive benefits under the workers' compensation scheme of another jurisdiction for the work-related injury that the employee suffered in the District. Claiming that subsection (a–3) is ambiguous on this point, Adjei renews his request that we remand the case for DOES to construe the exemption in light of his proposed construction and the purpose and legislative history of the statute as a whole. In support of his second reason, Adjei argues that because he made periodic, regular and repeated deliveries in the District, he was not working just "temporarily or intermittently" in the District within the meaning of subsection (a–3). In this connection, Adjei faults the hearing examiner for basing her decision on delivery run records for only a two-week period rather than the full three-month period that the records covered.

We disagree with each of Adjei's contentions. As to the first, we conclude that no

4. The order of the Commission contained in the record before us does not set forth the basis for this finding. In his brief in this court, Adjei represents that the Commission denied his claim on the basis that Maryland does not accept cumulative lifting injuries as "accidental." Adjei made the same representation in his appeal to the Director in support of the argument that DOES should not deny a claim pursuant to D.C.Code § 32–1503(a–3) where benefits are not available from another state.

remand is necessary because the statute will not admit of the construction that Adjei advances. As to Adjei's second contention, we reject it because the agency adopted a reasonable interpretation of subsection (a–3), the finding that Adjei worked in the District only intermittently was supported by substantial evidence and consideration of Adjei's deliveries over a period of three months, rather than two weeks, would not have changed the outcome.

## A.

■ Subsection (a–3) of D.C.Code § 32–1503 is one of three narrow exceptions to the coverage of the D.C. Workers' Compensation Act.[5] The three exceptions were included in the original version of the Act that took effect in 1980. See D.C.Code § 36–303(a)(1–3) (1981). At that time, the Act applied, subject to the exceptions, to employee injuries or deaths irrespective of where they occurred, but only so long as the employment was "principally localized" in the District of Columbia. Id.; see Petrilli v. District of Columbia Dep't of Employment Servs., 509 A.2d 629, 632 (D.C. 1986). In 1991 the Council amended the Act to remove the "principally localized" limitation where the injury or death occurs within the District, though the Council kept that limitation for injuries or deaths occurring outside the District. See King v. District of Columbia Dep't of Employment Servs., 742 A.2d 460, 466–67 (D.C. 1999). While the Council thereby expanded the availability of workers' compensation coverage for employees injured in the District, it nonetheless retained without substantive change the three original exceptions to coverage, which are now set forth in subsections (a–1) through (a–3) of D.C.Code § 32–1503.[6]

Subsection (a–3) exempts an employee and his or her employer who are not residents of the District of Columbia and whose employment contract was entered into in another state from the provisions of the D.C. Workers' Compensation Act "while such employee is temporarily or intermittently within the District of Columbia doing work for such nonresident employer," so long as the employer "has furnished workers' compensation insurance coverage under the workers' compensation or similar laws of such other state, so as to cover such employee's employment while in the District of Columbia." It is agreed in the present case that Adjei and Colonial Dodge were not residents of the District and that Adjei entered into his employment contract with Colonial Dodge in Maryland. It is also agreed that Colonial

5. The other two exceptions are set forth in subsections (a–1) and (a–2) of D.C.Code § 32–1503 as follows:

(a–1) No employee shall receive compensation under this chapter and at any time receive compensation under the workers' compensation law of any other state for the same injury or death.

(a–2) This chapter shall not apply if the employee injured or killed was a casual employee except that for the purposes of this chapter, casual, occasional, or incidental employment outside of the District of Columbia by a District of Columbia employer of an employee regularly employed by the employer within the District of Colum-

bia shall be construed to be employment within the District of Columbia.

6. Thus D.C.Code § 32–1503(a) now provides that subject to the exceptions in subsections (a–1) through (a–3), the Workers' Compensation Act shall apply to:

(1) The injury or death of an employee that occurs in the District of Columbia if the employee performed work for the employer, at the time of the injury or death, while in the District of Columbia; and

(2) The injury or death of an employee that occurs outside the District of Columbia if, at the time of the injury or death, the employment is localized principally in the District of Columbia.

Dodge had furnished workers' compensation insurance coverage under the workers' compensation laws of Maryland, and that this insurance covered Adjei's employment while he was on delivery runs in the District of Columbia.

Although Adjei's employment was covered under Maryland law, the Maryland Workers' Compensation Commission decided that Adjei did not sustain a compensable injury in a work-related accident and denied him benefits. But this denial of benefits did not mean that subsection (a–3) was inapplicable to Adjei's claim in the District, even if the basis for the denial was that Maryland workers' compensation law does not recognize cumulative injuries as accidental the way the District's law does. See footnote 4, *supra.* As a general rule, it would be quite cumbersome and, indeed, unworkable to require DOES to evaluate whether an injury is compensable under the law of another jurisdiction, or to await the ultimate outcome of the employee's claim for compensation in another jurisdiction, as a precondition to deciding whether the employee and the employer are exempt under subsection (a–3) from the coverage of the District's Act. Subsection (a–3) imposes no such requirement. That subsection demands only that the employment in the District be covered, not that the particular injury sustained in the District be compensable or compensated, under the other state's employee benefits scheme. The statute is unambiguous on this point, and "we must give effect to its plain meaning." *James Parreco & Son v. District of Columbia Rental Hous. Comm'n,* 567 A.2d 43, 45 (D.C.1989).

Adjei cites the last sentence of subsection (a–3) [7] in support of his proposed interpretation of the exception, but that sentence does not say that benefits must be furnished or available under another state's laws for the (a–3) exemption to operate. Rather, the sentence says that whichever jurisdiction's workers' compensation laws are found to apply, the benefits available to the employee under those laws represent the employee's exclusive remedy against the employer. This is an important proviso in this particular context. Ordinarily, the D.C. Workers' Compensation Act precludes an employee from suing his or her employer for tort damages arising out of a work-related injury only when the employee is covered under the Act. *See* D.C.Code § 32–1504; *see also Grillo v. National Bank of Washington,* 540 A.2d 743, 747–48 (D.C.1988) (noting that the employer's liability for statutory benefits regardless of fault is the *quid pro quo* for denying the employee the right to sue the employer for potentially greater damages in a tort action). The last sentence of D.C.Code § 32–1503(a–3) extends this statutory bar against suit to those situations in which subsection (a–3) exempts the employee and the employer from the coverage of the Act.

Adjei suggests that our reading of the final sentence of subsection (a–3) renders it duplicative of subsection (a–1) of D.C.Code § 32–1503, but that is incorrect. Subsection (a–1) provides only that no employee shall receive workers' compensation benefits under District of Columbia law and also receive such benefits under the law of any other state for the same injury. See footnote 5, *supra.* Subsection (a–1) does not provide that the mere availability of benefits in another jurisdiction forecloses the availability of benefits in the

---

**7.** The last sentence reads as follows: "The benefits under this chapter or similar laws of such other state shall be the exclusive remedy against such employer for any injury, whether resulting in death or not, received by such employee while working for such employer in the District of Columbia." D.C.Code § 32–1503(a–3).

District, or that the benefits available in the other jurisdiction constitute the employee's exclusive remedy against the employer. It is actually Adjei's proposed reading of subsection (a–3) that would render it largely, if not entirely, redundant of subsection (a–1). By Adjei's reading, subsection (a–3) would bar compensation in the District only when the employee has received or is entitled to receive compensation from another state for the injury that the employee suffered in the District. But subsection (a–1) already bars compensation in the District if the employee "at any time" receives compensation from another state for the same injury.

Adjei complains that if the (a–3) exemption applies even when the other state would deny benefits for the particular injury in question, then some employees—Adjei among them—will find themselves without any compensation from their employers for injuries that they sustain while on the job in the District. Adjei urges us to reject that outcome as inconsistent with the Council's decision in 1991 to expand the presumptive coverage of the D.C. Workers' Compensation Act to all job injuries occurring in the District, not just those where the employment is principally localized here. Instead, Adjei argues, we should construe the statute liberally for the benefit of injured employees in accordance with the Act's broad humanitarian purposes. *See Ferreira v. District of Columbia Dep't of Employment Servs.*, 531 A.2d 651, 655 (D.C.1987).

■ These last arguments are not persuasive. To take them in reverse order, liberal construction is not reconstruction. While the principle of liberal construction of workers' compensation laws "allows doubts to be resolved favorably to the employee, it does not relieve the courts of the obligation to apply the law as it is

written and in accordance with its plain meaning." *National Geographic Soc'y v. District of Columbia Dep't of Employment Servs.*, 721 A.2d 618, 622 (D.C.1998). And there is no inconsistency between our construction of subsection (a–3) and the Council's 1991 decision to abandon the requirement that the employment must be principally localized in the District for there to be workers' compensation coverage of work injuries occurring within the District. "[T]he term 'employment principally localized in the District' require[d] a showing that a claimant's employment relationship with this jurisdiction [had] contacts more substantial here than in any other place.... [S]uch words plainly contemplate[d] the kind of employment which is primarily or predominantly performed in the District." *Petrilli*, 509 A.2d at 633; *see also Hughes v. District of Columbia Dep't of Employment Servs.*, 498 A.2d 567, 570 (D.C.1985) (deferring to restrictive three-part test formulated by Director of DOES). We do not read subsection (a–3) to preserve or reinstate such a requirement, but only to carve out a narrow exception to coverage that is applicable in a limited number of cases that meet each and every one of the several conditions spelled out in the subsection.

### B.

■ Turning to whether Adjei was employed in the District only "intermittently" within the meaning of subsection (a–3), the hearing examiner considered and rejected Adjei's argument that the word "intermittently" signified employment that was temporary, part-time or seasonal. Instead, the examiner and the Director construed "intermittently" in accordance with its common dictionary definition to mean "coming and going at intervals: not contin-

uous; also occasional." [8] As that construction conforms to the plain meaning of subsection (a–3) and is reasonable, we deem it authoritative. *See Mushroom Transp. v. District of Columbia Dep't of Employment Servs.*, 761 A.2d 840, 844 (D.C.2000) (deferring to the Director's considered choice between two reasonable alternative constructions of the Workers' Compensation Act).

The daily delivery run records constituted substantial evidence in support of the finding that Adjei worked in the District only intermittently. *See Upchurch v. District of Columbia Dep't of Employment Servs.*, 783 A.2d 623, 627 (D.C.2001) (deferring to the Director's decision in a workers' compensation case "as long as the Director's decision flows rationally from the facts, and those facts are supported by substantial evidence on the record"). Adjei's argument that the hearing examiner erred in not discussing more than the most recent two weeks worth of run records is not well taken. While three months of delivery runs were in evidence, and are included in the record on appeal, the two weeks that the examiner considered were representative of the longer period in terms of the nature of Adjei's runs and the infrequency with which he drove into the District. That Adjei made periodic, regular and repeated deliveries in the District during the full three months is consistent with the definition of "intermittently" that the examiner and the Director used and does not undermine the conclusion they reached. As we are satisfied that the additional delivery run evidence that the examiner did not choose to discuss (though we have no reason to believe she did not consider it) would have made no difference to the outcome, we have no reason to remand for the examiner to say so.

### III.

We uphold the Director's findings of fact and conclusions of law, and affirm.

---

**8.** Compare the definition of "intermittent" that appears in Webster's Third New International Dictionary 1180 (1961): "coming and going at intervals; not continuous; alternating, recurrent, periodic." Virtually the exact same definition appears in the earlier second edition of Webster's New International Dictionary 1296 (1948). This is not a case in which the definition on which the agency relied is attended by controversy. *Cf. MCI Telecomms. Corp. v. American Tel. & Tel. Co.*, 512 U.S. 218, 225–28, 114 S.Ct. 2223, 129 L.Ed.2d 182 (1994).