GIANT FOOD, INC.

and

Lumbermen's Mutual Casualty Company, Petitioners,

and

Lula M. Lloyd, Cross–Petitioner

v.

DISTRICT OF COLUMBIA DEPART-MENT OF EMPLOYMENT SER-VICES, Respondent.

Nos. 04–AA–1337, 04–AA–1374.

District of Columbia Court of Appeals.

Argued Jan. 5, 2007.

Decided Sept. 11, 2007.*

Kevin J. O'Connell, with whom Emily C. Hvizdos, was on the brief, for petitioners.

Laura V. Farthing, for cross-petitioner.

Donna M. Murasky, Senior Assistant Attorney General, with whom Robert J. Spagnoletti, Attorney General at the time the brief was filed, Todd S. Kim, Solicitor General, and Edward E. Schwab, Deputy Attorney General, were on the brief, for respondent.

Before KRAMER, FISHER and THOMPSON, Associate Judges.

KRAMER, Associate Judge:

Cross–Petitioner Lula M. Lloyd suffered an injury in the course of her employment with petitioner Giant Food, Inc. ("Giant") in 1996. Ms. Lloyd received workers' compensation from Giant for this injury. Her injury limited her to working 15 hours per week. In 1998, the Council of the District of Columbia amended the Workers' Compensation Act, repealing a provision that affected payments made by employers after a claimant's retirement. These changes took effect on April 16, 1999. Ms. Lloyd retired the next month on May 13, 1999.

Thereafter, Giant sought to reduce its payments to Ms. Lloyd, applying the Act as it read at the time Ms. Lloyd was injured. An administrative law judge ruled in Giant's favor, but the Director of

---

* The decision in this case was originally issued as an unpublished Memorandum Opinion and Judgment. At the request of the respondent, it is being published as an opinion.

the Department of Employment Services reversed, applying the amended version of the Act which had taken effect on April 16, 1999, before Ms. Lloyd retired. *Lloyd v. Giant Foods, Inc.,* Dir. Dkt. No. 03–70, OHA No. 97–110E, OWC Nos. 501519, 230297, 265731, 2004 DC Wrk. Comp. Lexis 298 (Sept. 30, 2004). Giant now petitions this court to rule that the controlling law is the law in effect at the time that Ms. Lloyd was injured, not the law in effect when she retired.

The repealed provision of the D.C.Code stated:

> In no event shall the total money allowance payable to an employee or his dependent survivor(s): (1) As compensation for an injury or death under this chapter; (2) as federal old age, and survivors insurance benefits; and (3) from employee benefit plans subject to the Employee Retirement Income Security Act of 1974 (26 U.S.C. § 401 et seq.) and such income maintenance plans solely funded by the employer (computed weekly) exceed in the aggregate the higher of 80% of the employee's average weekly wage or the total of federal payments and employee benefit plans payments. In the event the total aggregate

money allowance payable to an employee or his survivor(s) exceeds this limitation, the amounts otherwise payable as compensation or death benefits under this chapter shall be reduced accordingly.

D.C.Code § 36–308(9) (1981) (repealed 1999).

The 1998 Act repealed this subsection in its entirety. Workers' Compensation Amendment Act, 46 D.C.Reg. 891 § 2(e)(4) (Feb. 5, 1999); D.C.Code § 32–1508(9) (2001) *formerly* D.C.Code § 36–308(9) (1981). The parties do not dispute that employers may not reduce their payments under this subsection for injuries that occurred after April 16, 1999, the date the repeal became effective. *See* Notice, D.C. Law 12–229, 46 D.C.Reg. § 3851 (Apr. 30, 1999). Giant, however, argues that the repeal should affect only payments attributable to injuries that occurred after April 16, 1999. The District of Columbia urges us to interpret the Director's decision to focus the analysis on the date of a claimant's retirement. Under this interpretation, an employer would not be entitled to the reduction set out in D.C.Code § 36–308(9) for a claimant who retired after April 16, 1999.[1]

---

1. It appears from the face of the opinion, however, that the Director ruled the controlling date is not the date of *retirement* but the date of *payment*. *Lloyd v. Giant Foods, Inc.,* Dir. Dkt. No. 03–70, OHA No. 97–110E, OWC Nos. 501519, 230297, 165731, at 6 ("Therefore, as of April 16, 1999, an employer is not permitted to take the statutory offset for monies identified in the D.C. Official Code § 32–1508(9) [formerly § 36–308(9)] that an injured worker receives after April 16, 1999."). Thus, under the Director's rule, no employer is entitled to an offset for payments made after the effective date. The Director rejected the argument that such a rule is retroactive in nature, reasoning that a retroactive rule would entitle claimants to recover from employers which had offset payments received *before* April 16, 1999. *Id.* We take no posi-

tion on this aspect of the Director's opinion, but confine our review to the situation of Ms. Lloyd, who retired after the Council repealed the provision. We note that in subsequent cases, the Compensation Review Board has interpreted the Director's decision in this case to mean that the offset does not apply to permanently disabled employees who applied for Social Security benefits after the Council repealed the provision. *See Oubre v. A.A. Beiro Constr. Co.,* AHD No. 85–276B, OWC No. 56181, 2005 DC Wrk. Comp. Lexis 362 (Dec. 29, 2005), *aff'd,* CRB No. 06–26, 2006 WL 1766673, 2006 DC Wrk. Comp. Lexis 200 (May 3, 2006); *Giardina v. Hillwood Museum,* OHA No. 93–611F, OWC No. 250354, 2004 DC Wrk. Comp. Lexis 267 (Nov. 10, 2004), *aff'd,* CRB (Dir.Dkt.) No. 05–16, 2006 WL

Giant argues that the Director erred by applying the statute retroactively, because Ms. Lloyd's injury occurred before the Council repealed § 36–308(9). "[T]he presumption against retroactive legislation . . . embodies a legal doctrine centuries older than our Republic." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 265, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). However,

> [a] statute does not operate "retrospectively" merely because it is applied in a case arising from conduct antedating the statute's enactment or upsets expectations based on prior law. Rather, the court must ask whether the new provision attaches new legal consequences to events completed before its enactment. The conclusion that a particular rule operates "retroactively" comes at the end of a process of judgment concerning the nature and extent of the change in the law and the degree of connection between the operation of the new rule and a relevant past event. . . . [F]amiliar considerations of fair notice, reasonable reliance, and settled expectations offer sound guidance.

*Id.* at 269–70, 114 S.Ct. 1483. The question here, therefore, is whether the change in law "operate[d] retrospectively" with regard to Ms. Lloyd's injury, or whether it operated only prospectively, by reference to her retirement date. *See, e.g., Fernandez–Vargas v. Gonzales*, 548 U.S. ——, ——, 126 S.Ct. 2422, 2432, 165 L.Ed.2d 323 (2006) ("Thus, it is the conduct of remaining in the country after entry that is the predicate action; the statute applies to stop an indefinitely continuing violation that the alien himself could end at any time by voluntarily leaving the country. It is therefore the alien's choice to continue his illegal presence, after illegal reentry and after the effective date of the new law, that subjects him to the new and less generous legal regime, not a past act that he is helpless to undo up to the moment the Government finds him out.").

We hold the Director's decision to be reasonable as applied under the circumstances here. Ms. Lloyd's retirement benefits remained uncertain until the date of her retirement. Any offset to be taken by Giant was not a "settled transaction" when the statute was amended because Ms. Lloyd had not yet retired. *See General Motors Corp. v. Romein*, 503 U.S. 181, 191, 112 S.Ct. 1105, 117 L.Ed.2d 328 (1992). It was Giant's choice to offer its early retirement package after the Council had already passed the new statute. The fact that an injury occurring years ago affected the transaction is not enough to make the law retroactive. *See Landgraf, supra*, 511 U.S. at 269 n. 24, 114 S.Ct. 1483 ("Even uncontroversially prospective statutes may unsettle expectations and impose burdens on past conduct: a new property tax or zoning regulation may upset the reasonable expectations that prompted those affected to acquire property; a new law banning gambling harms the person who had begun to construct a casino before the law's enactment or spent his life learning to count cards.").[2]

We do not find the District's interpretation of the statute to be impermissibly retroactive. Because we find application

2041509, 2006 DC Wrk. Comp. Lexis 243 (June 22, 2006).

**2.** We are furthermore unmoved by Giant's arguments against "double recovery." In repealing § 36–308(9), the Council clearly intended to allow what Giant characterizes as "double recovery" for, at the very least, injuries occurring after April 16, 1999. Giant's policy arguments against such a system apply with equal force to injuries old and new. We therefore decline to address policy arguments which do not specifically target injuries occurring before April 16, 1999.

of the statute as it existed at the time of the employee's retirement to be a reasonable interpretation of the statute, we must defer to the Director's decision.[3] *See Mushroom Transp. v. District of Columbia Dep't of Employment Servs.,* 761 A.2d 840, 842 (D.C.2000) (holding that "this court defers to an administrative agency's interpretation of the statute that it administers if that interpretation is a reasonable one in light of the language of the statute and its legislative history. . . ."). For this reason, Giant's petition for review is

*Denied.*

---

**3.** Because we are affirming the Director's decision narrowly on the facts of this case, we also decline to address Ms. Lloyd's cross-petition seeking broad application of the new statute.